Shaffer v. Brittain.

---

No. 26,331.

WILLIAM SHAFFER, *Appellant*, v. GEORGE A. BRITTAIN, *Appellee*.

SYLLABUS BY THE COURT.

1. EVIDENCE—*Parol Evidence Affecting Writing—Contract for Sale of Land Silent as to Interest.* In an action over incidental details pertaining to the purchase and sale of a farm under a written contract whereby the plaintiff agreed to assume a mortgage on the farm, but the written contract was silent touching the rate of interest which the mortgage bore, no prejudicial error was committed in permitting defendant's witnesses to testify that in the course of the preliminary negotiations and before the contract was executed they heard defendant tell plaintiff what rate of interest the mortgage bore.

2. APPEAL AND ERROR — *Decisions Reviewable — Amount in Controversy. Quære:* In an action to recover on several demands aggregating over $100, where plaintiff was defeated and appealed, assigning error on the admission of evidence which was relevant only to one item of plaintiff's demands, and which only involved an item of $40, is an appeal to the supreme court conferred by section 566 of the civil code?

Appeal from Morris district court; CASSIUS M. CLARK, judge. Opinion filed July 10, 1926. Affirmed.

*Harry E. Snyder,* of Council Grove, for the appellant.
*W. J. Pirtle,* of Council Grove, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This action arose over certain details incident to the sale of a farm which plaintiff purchased from defendant.

Plaintiff's bill of particulars filed in justice court contained a

---

Appeal and Error, 3 C. J. p. 377 n. 83; 2 R. C. L. 35. Evidence, 22 C. J. p. 1183 n. 83; 17 L. R. A. 273; 10 R. C. L. 1033.

25—121 KAN.

claim against defendant for $10 as the value of some hog wire carried off by defendant when he vacated the premises. He also claimed $96 as damages for defendant's failure to give him exclusive possession of all the farm, there being a hang-over occupant of a small building on the farm who had been defendant's tenant at sufferance and who would not or did not vacate the premises for a year. A third claim of plaintiff against defendant was for $40 as loss and damage because defendant had represented that a mortgage on the farm which plaintiff assumed bore six per cent interest when in fact it bore seven per cent.

A fourth item of plaintiff's bill concerning defendant's failure to pay a small commission mortgage went out of the case in the course of the action below.

Defendant's answer was a general denial. Jury trial; verdict and judgment for defendant; appeal.

Plaintiff assigns error in the admission of certain testimony offered by defendant. Plaintiff's evidence had tended to prove that defendant's agents in the sale of the farm, Porter & Moore, orally represented to plaintiff that the interest on the mortgage covering the farm bore six and one per cent—meaning six per cent on the principal mortgage debt, and a commission mortgage equal to one per cent of the same amount. To counteract the effect of that evidence, two witnesses for defendant were permitted to testify that some time prior to the date of the contract of sale they were present when a conversation was had between plaintiff and defendant and that the latter told plaintiff the interest was seven and one per cent. Plaintiff argues that this evidence was incompetent. We think not. It bore upon the question whether plaintiff had been misled by defendant's agents touching the rate of interest. If defendant told him it was seven and one, the misstatement of Porter & Moore did not mislead plaintiff nor induce him to buy in the belief that the mortgage bore only six per cent interest. Plaintiff argues that the representations made at the time the bargain was consummated were binding on both parties. Quite correct. The contractual bargain itself is what binds the parties. If, however, some element of that bargain is inadvertently omitted from the written contract, parol evidence is admissible to ascertain that detail. The pertinent maxim is, *Id certum est, quod certum reddi potest.*

In *Brawley v. United States,* 96 U. S. 168, 24 L. Ed. 622, it was said:

Shaffer v. Brittain.

"Previous and contemporary transactions and facts may be very properly taken into consideration to ascertain . . . the sense in which the parties may have used particular terms."

In *United States v. Bethlehem Steel Co.*, 205 U. S. 105, 51 L. Ed. 731, 736, it was said:

"It is not for the purpose of making a contract for the parties, but to understand what contract was actually made, that, in cases of doubt as to the meaning of language actually used, prior negotiations may sometimes be referred to." (p. 118. See, also, 13 C. J. 544; 22 C. J. 1182-1185.)

There is another and perhaps simpler disposition which could be made of this assignment of error. Plaintiff did not charge defendant with fraudulent misrepresentation touching the rate of interest on the mortgage nor that he was misled thereby. The written contract on that detail was not obscure. So the issue which plaintiff tendered on this item was demurrable and an objection to the introduction of plaintiff's evidence on the item would or should have been sustained.

Yet another answer intrudes: The written contract of purchase and sale referred to the mortgage. As part payment for the farm plaintiff agreed "to assume a mortgage for four thousand dollars," etc. Elsewhere it was agreed that defendant should deliver to plaintiff "an abstract of title showing a good clear merchantable title in the grantor, free and clear of any incumbrances except as below mentioned." Below were mentioned the $4,000 mortgage and a commission mortgage, and this was sufficient information to put plaintiff on inquiry concerning the sort of burden he was assuming in the matter of interest on that $4,000 mortgage. It follows that from whatever angle this problem is viewed, no error is disclosed.

A second error assigned relates to the overruling of plaintiff's motion for a new trial, but its significance depends on the first error assigned which, as we have seen, cannot be sustained.

It will be noted that although plaintiff sued on a number of items aggregating over $100, yet the main error he complains of concerned the admission of evidence affecting only an item of $40, the difference between the interest on the mortgage at six per cent and at seven per cent. Probably the appeal should be dismissed. (Civ. Code, § 566.) In any event, the judgment cannot be disturbed.

The judgment is affirmed.