No. 37,963

CARL CORY and MABEL CORY, *Appellants*, v. D. B. TROTH, JR., and WILLIAM D. SMITH, *Appellees*.

(223 P. 2d 1008)

Opinion filed November 10, 1950.

*Arthur C. Hodgson,* of Lyons, argued the cause, and was on the briefs for the appellants.

*L. E. Quinlan,* of Lyons, argued the cause, and *Ben Jones,* of Lyons, was with him on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: Plaintiffs appeal to this court from the ruling of the trial court sustaining a demurrer to a petition.

On June 14, 1948, the plaintiffs commenced an action to recover moneys from the defendants. Their amended petition contained two causes of action, only the first cause of action being involved in this appeal. It will be referred to hereafter as the petition.

For present purposes the allegations of the petition may be summarized. Plaintiffs alleged that they were the parents of Kenneth Carl Cory, who was killed in an airplane accident on June 14, 1946, in Rice county, while engaged in flying as a student of the Troth Flying Service, a partnership composed of the defendants and engaged in the business of owning and operating airplanes for the purpose of giving flight instructions to students, and that Kenneth Carl Cory died intestate and left no surviving spouse, child or issue but did leave his surviving parents who are the plaintiffs; that no administation had been had on his estate; that administration was not necessary and that more than one year had elapsed since his death; that in April or May, 1946, Kenneth Carl Cory entered into a contract with defendants for flight instruction but plaintiffs did not know whether the contract was oral or in writing but pursuant to the contract Kenneth Carl Cory commenced training on May 13, 1946, and continued until his death on June 14, 1946; that prior to the time the contract for training was made defendants represented to Kenneth Carl Cory that if he would enter into the contract "that his life would be insured for $10,000 against any accident which he might be involved

in while training as a student of the Troth Flying Service, that said statements as to the insurance were made as positive assertions and with the intention that such statements should be relied upon and acted upon by Kenneth Carl Cory"; and in reliance thereon and believing that he and his heirs would be protected he made the contract to take flight training; that he signed papers which defendants represented would put the insurance into effect on his life in the event of his injury or death while flying as a student and that the papers signed designated his father and mother as beneficiaries. It was further alleged that plaintiffs had made demand upon the defendants for the proceeds of any insurance that may have been placed upon the life of Kenneth Carl Cory by the defendants but the defendants advised them there was no insurance coverage on Kenneth Carl Cory for loss of his life while taking training, and that since no insurance was placed upon the life of Kenneth Carl Cory by defendants, the statements of the defendants that it would be were false and fraudulent; that defendants knew or should have known they were false and fraudulent and that by making such statements the defendants intended to and did induce Kenneth Carl Cory to take flight instruction of them. Further allegations are that the fraud was not discovered until March 9, 1948, and that Kenneth Carl Cory was killed on June 14, 1946, while on a solo flight in a plane owned by defendants and while taking training as a student; that the flight was an authorized flight taken under the supervision and at the direction of the defendants, and that plaintiffs had suffered damages in the amount of $10,000 for insurance which defendants falsely and fraudulently represented was placed or would be placed on their son's life, and they prayed judgment for that amount.

Defendants' demurrer to the particular cause of action was on the grounds (1) that the petition did not state facts sufficient to constitute a cause of action, (2) that the petition showed on its face that any cause of action alleged was barred by the statute of limitations, and (3) that the allegations of the petition showed that plaintiffs had no right or authority to maintain the action. This demurrer was sustained generally and plaintiffs appealed.

As a decision on the other grounds of the demurrer determines this appeal we shall not discuss the question of limitation.

Assuming any cause of action accrued to Kenneth Carl Cory by reason of the facts alleged either for fraud or for breach of con-

tract and that such cause of action survived, it was such that it could be maintained only by his personal representative and not by his heirs. See G. S. 1935, 60-401, 60-403, and G. S. 1947 Supp. 60-3201, and our recent decision in *Howe v. Mohl*, 168 Kan. 445, 214 P. 2d 298.

Appellants, however, contend that they were not attempting to place themselves "in the shoes of their deceased son" nor to assert a cause of action as his heirs, but on the basis that the son took out insurance for their protection designating them as beneficiaries and that as third party beneficiaries they are entitled to recover. Without taking note of any exceptions thereto, the general rule in the United States is that where a person makes a promise to another for the benefit of a third person such third person may sue thereon even though he is a stranger to the contract and the consideration therefor. See 12 Am. Jur. 825; 17 C. J. S. 1121; Restatement, Contracts, §§ 133, 135, 139, and for recognition of the rule in this state see *Maddock v. Riggs*, 106 Kan. 808, 190 Pac. 12, 12 A. L. R. 216; *French v. French*, 161 Kan. 327, 167 P. 2d 305, and cases cited, as well as other cases noted in West's Kansas Digest, Contracts, § 187, and Hatcher's Kansas Digest, Contracts, § 98.

The rule that third party beneficiaries may maintain an action in their own names has application only where other allegations of the complaint or petition warrant. It must be alleged and shown that the agreement between the promisor and the promisee, upon which the third parties found their right of recovery, possessed the necessary elements to make the agreement a binding obligation, or stated in other words—a valid and binding contract is essential to the right of a third person beneficiary to maintain suit thereon. See 17 C. J. S. 1136; 12 Am. Jur. 842; and Williston on Contracts, Revised Ed., Vol. 2, p. 1061, § 364a.

An examination of the allegations of the petition discloses that the action is not one for wrongful death under G. S. 1935, 60-3203 as amended in 1939, which may be prosecuted by the decedent's next of kin under G. S. 1935, 60-3204. Neither may it be said there was any charge of fraud by appellees against the appellants. Appellants more nearly attempted to state a cause of action against the appellees for fraud against their son in not procuring insurance. It is made clear that no insurance was ever effected. As has been stated any cause of action for fraud against the son survived the

son under G. S. 1947 Supp. 60-3201, and must have been maintained by his personal representative. But if it be considered that the appellants were attempting to state a cause of action in their own behalf, as third party beneficiaries of a contract between their son and the appellees, it is clear from the allegations of the petition that no valid and binding contract for insurance for their benefit was ever made—the contrary appears. Under the authorities above mentioned the essential element of a valid and binding contract between the promisor and the promisee was lacking, and the appellants as claimed third party beneficiaries may not maintain an action on the theory advanced by them.

The judgment of the trial court is affirmed.