No. 38,017

ELDORA M. JANZEN, *Appellant,* v. D. B. TROTH, JR., and WILLIAM D. SMITH, *Appellees.*

(223 P. 2d 1011)

Opinion filed November 10, 1950.

*Arthur C. Hodgson,* of Lyons, argued the cause, and was on the briefs for the appellant.

*Ben Jones* and *L. E. Quinlan,* both of Lyons, were on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This appeal involves rulings of the trial court striking one paragraph of the allegations of a cause of action, sustaining a demurrer to that cause of action and striking another cause of action.

On July 24, 1947, Eldora M. Janzen commenced an action against D. B. Troth, Jr., and William D. Smith, to recover money damages. By reason of motions of the defendants and rulings of the court, amended petitions were filed which need not be noticed here. On November 2, 1949, plaintiff filed her fourth amended petition in which she pleaded three causes of action. The present appeal grows out of the allegations of the first and third causes of action. The second cause of action is not involved and will not be noticed.

In her first cause of action, which will be summarized, plaintiff alleged that she was the widow of Vernon Henry Janzen; that she was his sole heir and that there had been no administration of his estate as that was not necessary; that on April 23, 1946, Troth and Smith were partners conducting the Troth Flying Service and engaged in the business of owning and operating airplanes for the purpose of giving flight instructions to students under contract and that on March 9, 1946, Vernon Henry Janzen had entered into a contract with the Nichols-Troth Flying Service for flight instruction, as more fully set forth in a written contract a copy of which was made part of the petition and is later reviewed; that on March 9, 1946, the Nichols-Troth Flying Service was conducted by a partnership consisting of G. H. Nichols and D. B. Troth, Jr.; that on April 17, 1946, defendant Smith announced he had purchased a one-half interest in the Troth

Flying Service and that on the date of Janzen's death the service was a partnership of the defendants Troth and Smith; that on March 9, 1946, and prior to the written contract Troth called on Janzen and represented to him that if he would sign the contract for flight instruction "that his life would be insured for $10,000 to protect him and his family if he was involved in any accident while training as a student of the flying service"; that such representation was false and was made as a positive assertion it would be acted upon by Janzen and that Janzen so relied and signed the contract; that Janzen was killed on April 23, 1946, while on a solo flight as· a student in a plane owned by the service and while taking instruction as a student of the service; that because of the false and fraudulent representations of defendant Troth, plaintiff had suffered loss in the amount of $10,000 for insurance which defendant falsely represented was placed on the life of Janzen. In response to a motion to make definite ·and certain, by setting forth the facts which plaintiff claimed made defendant Smith liable, it was further alleged at length in paragraph 13 that defendant Smith, upon becoming a general partner of Troth in the Troth Flying Service ratified and affirmed the contract for instruction with Janzen by continuing the instruction.

In her third cause of action plaintiff made many parts of her first cause of action a part of her third cause of action and alleged that immediately prior to the contract of March 9, 1946, Janzen was told that the Flying Service would be approved by the Veterans Administration as eligible to give flying instruction to veterans, and that when the flying service was so approved that all students, including Janzen, would be charged only for the time they had flown prior to the approval, and that veterans taking flight training, including Janzen, would be refunded any excess moneys paid over and above the actual flight training received at the time the flying service was approved. It was further alleged that Janzen paid $100 as a down payment and gave his note for the balance due under his contract; that the flying service was approved and before such approval Janzen received training for· which he was charged $27.50; that the United States government reimbursed the defendants for the balance and that plaintiff as sole heir of Janzen was entitled to receive back from defendants the sum of $72.50; that defendant Troth had paid $10 and the balance of $62.50 was due plaintiff.

We notice the contract between the flying service and Janzen provides for flight instruction for which Janzen agreed to pay $350 of

which $100 was paid at the time of signing, the balance to be paid in installments. The contract makes no mention of any kind of any insurance coverage.

The petition just reviewed was attacked by the following motions and demurrers. Both defendants joined in a single motion directing attention to the third cause of action alleging that Troth had paid to the clerk of the court the sum of $62.50 and that the matters set forth in that cause of action were *"res judicata,* moot, defunct, no longer in existence, dead, deceased and incompetent, irrelevant and immaterial" and moved that the cause of action be stricken from the files and records of the case. The defendant Troth filed a demurrer on the ground the allegations of the first cause of action failed to state a cause of action, and the defendant Smith filed a motion which asked the court to strike paragraph 13 of the first cause of action because the matter set forth therein was barred by the statute of limitations; that it was irrelevant and immaterial and that plaintiff in her original and first, second and third amended petitions elected to and based her cause of action against Smith on the ground of fraud and that by reason of paragraph 13 she was now endeavoring to recover from Smith on the ground of ratification of contract.

As disclosed by the journal entry thereon, the trial court allowed the motion of Smith to strike paragraph 13 for the reason it was a departure from the theory of the case as originally filed and inconsistent with her prior election of a remedy; sustained the defendants' demurrer to the first cause of action and rendered judgment in favor of the defendants for the reason the cause of action was based on fraud and in order to have survived would have had to accrue in the lifetime of Vernon Henry Janzen and under the most favorable construction to plaintiff, the purported cause of action would be barred by the two year statute of limitations; and allowed defendants' motion to strike the third cause of action for the reason that payment of the money claimed had been made to the clerk of the court.

In due time plaintiff appealed to this court from the adverse rulings, specifying that the trial court erred in making such rulings.

We here note that appellant takes no exception to the fact that appellee Smith did not separately demur to the first cause of action in appellant's fourth amended petition nor that he did not join in the demurrer filed by appellee Troth, but as Smith's liability, if any, depends on Troth's liability, no further discussion will be had thereon.

In her brief appellant presents a series of questions for consideration which include (1) whether she made an election of remedies, (2) what constitutes a departure in pleading, (3) when may a plaintiff be compelled to elect a particular remedy, (4) the liability of an incoming partner for contracts previously made by the partnership, (5) the applicable statute of limitations, and (6) whether the payment of an amount sued for in one cause of action where two other causes are pleaded, without payment of costs, constitutes grounds for striking or dismissing that particular cause of action.

The first five questions pertain to the first cause of action, and the sixth one to the third cause of action.

As to the questions pertaining to the first cause of action, the first four seem to be predicated primarily on the statement in the journal entry of judgment that the allegations of paragraph 13 of the petition attacked, constituted a departure from the allegations of the previous petitions. We find it unnecessary to discuss election of remedies, departure and associated questions for the reason that if the trial court ruled correctly on the demurrer the rulings on the four questions are immaterial. The established rule is that if the trial court renders a correct judgment either on the law or the facts, that judgment will not be disturbed merely because wrong reasons were given for its rendition. See West's Kansas Digest, Appeal & Error, § 854; Hatcher's Kansas Digest, Appeal & Error, § 433.

An examination of the allegations of the first cause of action discloses that the pleader more nearly set up a cause of action for damages for fraud perpetrated against Vernon Henry Janzen in procuring the flight contract than an action upon that contract, but whichever it might be construed to be, the cause of action was one which survived the death of Janzen. Substantially the same question was before us in *Cory v. Troth*, 170 Kan. 50, 223 P. 2d 1008, where it was held that under G. S. 1947 Supp. 60-3201, any cause of action accruing to a promisee, either for fraud in procuring the contract or for the breach of the contract, survives the death of the promisee and an action therefor may be maintained only by his personal representative and not by his heir. The present petition clearly discloses that a personal representative had not been appointed; that the action was being maintained by an heir of the decedent and that facts sufficient to enable her to maintain the action were not alleged. Although not specifically urged, if appellant's argument be construed as one that she may maintain the action as a

third party beneficiary under the contract, the contention may not be sustained. ( See *Cory v. Troth*, supra. )

Nor need we devote any space to a discussion of any applicable statute of limitations under G. S. 1935, 60-306, for speaking generally, the petition alleged a cause of action which survived, and that by reason of G. S. 1935, 60-3212, it could have been revived in the name of the personal representative; that under G. S. 1935, 60-3214 and 60-3215, it must have been revived within one year from which an order of revivor could have been first made. The time has passed in which there could have been a revivor.

In the third cause of action pleaded, plaintiff sought to recover $62.50 under an alleged agreement foreign to any agreement relied on in the other two causes of action. Thereafter the defendants paid that amount to the clerk of the court, but did not pay any costs. Later, as stated above, the trial court sustained defendants' motion to strike that cause of action because of the payment made. Under G. S. 1935, 60-3303, an appeal may not be taken to this court in any action for the recovery of money unless the amount in controversy, exclusive of costs, shall exceed one hundred dollars except in certain cases of which this is not one. Compare *Shaffer v. Brittain*, 121 Kan. 385, 247 Pac. 844. Also see *Waugh v. Kansas City Public Service Co.*, 157 Kan. 690, syl. ¶ 4, 143 P. 2d 788, holding that no appeal lies from a judgment where the only matter involved is costs. There being no right of appeal, there is nothing before us for consideration.

By way of summary, we hold that whether the trial court ruled correctly that there was a departure in the first cause of action in plaintiff's fourth amended petition has become immaterial; that there was no error in sustaining defendants' demurrer to that cause of action, and that no appeal lies from its ruling sustaining a motion to dismiss the third cause of action of that petition, and as above qualified, the judgment is affirmed.