No. 38,217

J. F. ZALOUDEK, Deceased, (HELEN THIELEN and BLANCHE HOWARD, heirs and movants), *Appellants,* v. LUDVIK ZALOUDEK and MARY ZALOUDEK, *Appellees.*

(229 P. 2d 727)

Opinion filed April 7, 1951.

*V. E. Danner,* of Ellsworth, argued the cause, and *H. A. Santry* and *John V. O'Donnell,* both of Ellsworth, were with him on the briefs for the appellants.

*George D. Miner,* and *Paul L. Aylward,* both of Ellsworth, were on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This was a proceeding by two heirs of a deceased to revive two judgments rendered in separate actions in favor of the deceased during his lifetime. The district court denied the motion to revive the judgments pursuant to objections of another heir, Ludvik Zaloudek, a brother of the deceased, and Mary Zaloudek, who were the judgment debtors.

J. F. Zaloudek died September 4, 1948. After more than one year had intervened and on September 12, 1949, another heir, Edward Zaloudek, a brother of the deceased, filed a petition in the probate court to obtain a descent decree. That petition insofar as here material, in substance, alleged:

No will of the deceased had been admitted to probate and no administration was had on decedent's estate; decedent's only heirs at law were the petitioner, Edward Zaloudek, Ludvik Zaloudek, both brothers of the decedent, and Frances Halstenrud, Helen Thielen and Blanche Howard, all nieces of the decedent; the decedent was the owner of an undivided one half interest in lots in the city of Wilson, Ellsworth county, (describing them); the petitioner had an interest in that real estate, was entitled to have the descent thereof determined and he claimed full title thereto under a deed of conveyance; the real estate, subject to any prior lawful disposition thereof made, should be assigned to and be vested in the only heirs of the decedent, as follows: A one fourth interest in each of the two brothers and in Frances Halstenrud and a one eighth interest in each of the other two nieces; all other real estate owned by the decedent descended to and should be assigned to the persons previously named in the fractional interests indicated.

The probate court found: The decedent died intestate; no administration had been had on his estate in Kansas; the deed from the decedent to his brother, Edward, was filed for record after decedent's death; any real estate owned by the decedent at his death was inherited by and descended to the heirs named in the fractional interests previously stated.

The instant motions for revivor of judgments were filed in the district court by two nieces, Helen Thielen and Blanche Howard in each of the cases in which the judgments had been rendered against decedent's brother, Ludvik Zaloudek, and Mary Zaloudek. Although we are told no record was made of the hearing on the motions to revive, there seems to be no dispute that all the facts previously stated herein were before the district court when it ruled on the revivor motions. The motions to revive contained most if not all of them. The two movants sought to have the judgments revived to the extent of an undivided one eighth interest in each of them as heirs at law.

We are informed that after a denial of the motions to revive the judgments appellants instituted proceedings in the probate court

to obtain administration on decedent's estate. Those matters are not germane to the instant review. Moreover it appears an appeal, or appeals, from rulings in such subsequent proceedings are, or may be, perfected. We shall not pursue those matters now and, of course, express no views concerning them.

It appears Ludvik Zaloudek and Mary Zaloudek, the judgment debtors, were the only interested parties who were notified of the revivor proceedings. They objected to the revivor on the grounds the two heirs, Helen Thielen and Blanche Howard, were not proper parties to move for the revivor and had no legal capacity to conduct the proceedings. The district court sustained the motion. From that ruling the movants for revivor appeal.

Before determining whether the district court erred in denying the motions to revive the judgments we desire to revert for a moment to the petition filed in the probate court by Edward, one of the brothers of the decedent, to obtain a decree of descent under provisions of G. S. 1949, 59-2250; 59-2251. The claim Edward made therein to certain lots by virtue of a deed of conveyance had no place in a petition for a decree of descent. The function of such a decree is not to determine controverted issues of title to or ownership in property of a decedent's estate. In *Jardon v. Price*, 163 Kan. 294, 181 P. 2d 469, we said:

"The statute granting jurisdiction and power to merely determine heirship does not include jurisdiction to pass on claims against a decedent's estate or to determine an unrelated controversy which might affect the interest which would ordinarily pass to an heir under the law of intestate succession. (2 Bartlett's Probate Law and Practice, §§ 1162, 1163, p. 430; *Wright v. Wright*, 99 Mich. 170, 58 N. W. 54.) A decree of descent does not create title but merely declares who has acquired the title of the decedent. In other words, the function of the statute is to declare only the title which accrues under the law of intestate succession. (2 Bartlett's Probate Law and Practice, § 1163, pp. 430, 431.) (p. 299.)

To the same effect is also *Wright v. Rogers*, 167 Kan. 297, 301, 205 P. 2d 1010.

In the instant case the probate court, however, appears not to have determined the ownership or title in and to the lots claimed by Edward, decedent's brother. The court found the deed to those lots was delivered after the decedent's death and it determined only the fractional interests of the respective heirs to *real estate* owned by the decedent at the time of his death.

Appellants support their motion to revive the judgment on the

theory the decree of descent rendered by the probate court vested each of them with an undivided one eighth interest in the judgments sought to be revived in the instant proceeding. The decree of descent did not vest in appellants such interests in the judgments. Whether the court, under the provisions of G. S. 1949, 59-2250; 59-2251, should have declared four of the heirs had a certain fractional interest in the judgments against the fifth heir, which judgments at that time were dormant, is not the question before us. The fact is the descent decree pertained only to the interest of the heirs in the *real estate* owned by the decedent at the time of his death. No appeal from that decree is before us.

Appellees contend it is plain the descent decree did not assign to four of the heirs any interest in the judgments of the decedent against the fifth heir and contend further that if the descent decree had made such assignment, a judgment could not be subdivided by part owners for the purpose of collection or revival; that a judgment must be revived in whole or not at all. Appellees make other contentions in support of the trial court's ruling. They may well be involved in the proceedings to obtain administration on decedent's estate. We shall not pursue those contentions presently.

Appellees contend an administrator was the proper party to revive the judgments. Appellants contend the heirs may do so under the provisions of G. S. 1949, 60-3220, which reads:

"If either or both parties die after judgment, and before satisfaction thereof, their representatives, real or personal, or both, as the case may require, may be made parties to the same, in the same manner as is prescribed for reviving actions before judgment; and such judgment may be rendered, and execution awarded, as might or ought to be given or awarded against the representatives, real or personal, or both, of such deceased party."

G. S. 1949, 60-3212 provides:

"Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. When his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

G. S. 1949, 60-3221 provides:

"If a judgment become dormant it may be revived in the same manner as is prescribed for reviving actions before judgment at any time within two years after it becomes dormant."

These judgments had become dormant as a result of decedent's death. If the decedent had died before the judgments were ren-

dered the actions would have survived but could have been maintained only in the name of his personal representative and not by his heirs. (*Howe v. Mohl,* 168 Kan. 445, 449, 214 P. 2d 298; *Cory v. Troth,* 170 Kan. 50, 53, 223 P. 2d 1008; *Janzen v. Troth,* 170 Kan. 152, 223 P. 2d 1011.)

We think under the undisputed facts of the record in the instant case a personal representative of the decedent was the proper party to revive the judgments. (*Howe v. Mohl,* supra.) No personal representative had been appointed and, of course, no such representative attempted to revive the judgments. How late such a representative might be appointed or whether there are now valid defenses to a revivor in his name are questions not presently before us.

The order denying revivor is affirmed.