No. 38,446

SYDNEY R. JOHNSON, *Appellant,* v. THE FARMERS AND BANKERS LIFE INSURANCE COMPANY, *Appellee.*

(244 P. 2d 199)

Opinion filed May 10, 1952.

*Paul V. Smith,* of Wichita, argued the cause, and *Douglas E. Shay,* of Wichita, was with him on the briefs for the appellant.

*J. Wirth Sargent,* of Wichita, argued the cause, and *W. D. Jochems, Emmet A. Blaes, Roetzel Jochems, Robert G. Braden, J. Francis Hesse* and *S. C. Durbin,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action to recover double indemnity under a policy of life insurance. The trial court sustained defendant's demurrer to the plaintiff's evidence and he appeals.

In his petition plaintiff alleged that in December, 1934, defendant issued its policy of insurance on the life of his wife Dawn M. Johnson, in the principal sum of $1,000, naming plaintiff as the beneficiary, and that a rider attached to the policy provided that the sum of $2,000 would be paid in lieu of the face of the policy in the event that the death of Dawn M. Johnson should occur as the result, directly and independently of all other causes, of bodily injury effected directly through external, violent and accidental means; that the premiums on the policy had been paid in full; that

while the policy and rider were in full force Dawn M. Johnson died as the result, directly and independently of all other causes, of bodily injury effected directly through external, violent and accidental means, to wit: injuries sustained when she slipped and fell on ice on December 28, 1949; that she died within ninety days after sustaining injury, and that her death did not result from self-destruction, bodily or mental infirmity or other of the causes mentioned in the second paragraph of the quotation from the policy later made; that due proofs were given the defendant, which paid the face of the policy on the express understanding receipt by plaintiff would not preclude him from claiming the additional $1,000 under the rider, and he prayed for judgment therefor.

We need notice only two paragraphs of the rider to the insurance policy, viz.:

"Subject to all the conditions and requirements of said Policy, the sum of Two Thousand and No/100 ($2000.00) Dollars, will be paid in lieu of the face amount of said Policy in the event that the death of the Insured named above shall occur as the result, directly and independently of all other causes, of bodily injury effected directly through external, violent and accidental means, provided that such death shall occur within ninety days after sustaining such injury, and that on the date of such death no premium hereon be past due and unpaid.

"The Double Indemnity benefit as herein described shall be payable only in event of the death of the Insured during the premium paying period of said Policy, and shall not be payable if the Insured's death shall result from self-destruction or any attempt thereat, whether sane or insane; from bodily or mental infirmity or disease in any form; from engaging in riot or insurrection; from participation in aviation or aeronautics, except as a fare-paying passenger transported by a licensed airplane or airship under the operation of a licensed pilot in service of an incorporated passenger carrier and flying over a regular passenger route between definitely established airports; or from injuries which do not show a visible contusion or wound on the exterior of the body, except in the case of drowning or of internal injuries revealed by an autopsy."

So far as need be noticed, the defendant's answer admitted that Dawn M. Johnson fell December 28, 1949, and that she died March 8, 1950; denied that her death occurred as a result, directly and independently of all other causes, of bodily injury effected directly through external, violent and accidental means; and alleged her death was caused by a pulmonary embolism following surgery for cancer, antecedent causes of death being abdominal ascites, carcinomatosis of omentum and peritoneum and hypertension. It prayed for judgment in its favor.

Plaintiff's reply denied new matter alleged in the answer.

For present purposes it is not necessary that the evidence be fully reviewed. Plaintiff offered testimony from which it appears that on December 28, 1949, Dawn M. Johnson fell face downward on some ice, knocking the breath from her; that up to that time she enjoyed good health, but thereafter did less work than formerly. She complained of hurting and on January 8 her brother-in-law, Dr. C. N. Johnson, came to see her and the next day she entered St. Francis Hospital in Wichita, where she stayed until January 12. At that time there were no bruises of any kind on her body. There was no evidence that prior to her going to the hospital there were any visible wounds or contusions on her body. On February 10, 1950, Mrs. Johnson returned to the hospital at which time her abdomen was distended. We need not follow through the diagnosis made and various treatment given but note that on February 28 she was operated upon. A midline incision of the abdomen was made and several quarts of fluid that did not belong there were removed and a generalized carcinoma studding the omentum, spreading over her bowels and the surface of the liver, was discovered. The surgeon stated the operation was exploratory and "we took a look and backed out" after taking a piece of material for laboratory diagnosis. She remained in the hospital until March 8, 1950, when she died. Dr. Johnson testified the immediate cause of her death was pulmonary embolism and that there was no autopsy. He was asked if based upon his examinations of Dawn Johnson and his observations during her treatment he had an opinion as to the effect, if any, of the fall, and he stated he could not answer directly; that the pathological report was cancer of the ovary and his opinion was that the fall caused sudden distribution of cancer cells throughout her abdomen. He further testified that the cancer in her ovary had been there for sometime previous to her fall and that the fall caused a sudden disbursal of the cancerous cells; that most ovarian cancers are in a cyst, the cells are in a fluid, and when the cyst is ruptured the cells grow wherever they light. On cross-examination it was made clear that he had not discovered any cyst and had not looked for it and the only evidence there was such a cyst was that in his opinion there was a cyst and that it had burst. Other evidence disclosed that the certificate of death showed the direct cause of death to be pulmonary embolism, the antecedent causes to be abdominal ascites of two month's duration, carcinomatosis of omentum and peritoneum of three month's duration, and hypertension of two

years duration. The physician's statement attached to the proof of death listed the pulmonary embolism as the immediate cause of death and the carcinomatosis and accidental fall as contributing causes. Much other evidence adduced in plaintiff's behalf which may be said to support the allegations of defendant's answer, is omitted as not being subject to consideration when attacked by defendant's demurrer.

In ruling on the demurrer the trial court stated, in substance, that the decedent had a cancer prior to her fall; that the fall aggravated and caused the cancer to spread throughout her body which resulted in an operation; that from either the disease or operation she died of a pulmonary embolism and, as a matter of law, plaintiff was not entitled to recover; that the court was of the opinion the rule of law is that where there is a dormant disease or condition which is aggravated by a fall and death results the insurance company is not liable (under the policy in question). Although the rule mentioned is later referred to, we here point out that the reason assigned for the ruling is not of consequence if for any reason the ruling is correct. (*Janzen v. Troth,* 170 Kan. 152, Syl. ¶ 1, 223 P. 2d 1011.)

Appellant contends that the proper rule to be applied here is that where an accident aggravates a dormant disease and as a result the insured died at an earlier date than he otherwise would, the accident is the direct and independent cause of the insured's death within the meaning of the double indemnity provision of the insurance policy in this case, and that his evidence made a prima facie case under the rule. Appellee contends that the rule to be applied is that where the insured is afflicted with a disease at the time of the accident, which disease proximately causes or substantially contributes to the death, such death is not within the terms of the policy. It further contends the evidence is not sufficient to make a prima facie case.

A fuller statement and discussion of these rules may be found in 29 Am. Jur. 748, § 996; 45 C. J. S. 809, § 776; Vance on Insurance, 3d Ed., p. 976, § 188; Couch on Insurance, Vol. 5, p. 4004, § 1142; and Appelman on Insurance Law & Practice, Vol. 1, p. 494, § 403, and pp. 537, 539, § 441. Other authority might be cited, but the list made is sufficient for present purposes. In *Williams v. General A. F. & L. Assurance Corp.,* 144 Kan. 755, 62 P. 2d 856, this court recognized the two lines of authority and followed the first. In the later case of *Porter v. Metropolitan Life Ins. Co.,* 155 Kan. 521, 127

P. 2d 444, it may be said the second rule was followed. For reasons hereafter set forth we need not now decide which rule shall be followed.

Assuming that the rule contended for by the appellant is the one that should be followed, did the evidence disclose the requisite elements essential to its application? In our opinion there are two reasons why it did not.

First, the only evidence tending to prove that the decedent's fall had anything to do with her death is that of Doctor Johnson. His testimony was that the operation on Dawn Johnson was exploratory, a cancerous condition was discovered and "we took a look and backed out." It is not contended that the seat or source of the cancer was discovered. There was no autopsy. The hospital record disclosed a diagnosis of ovarian cancer. Doctor Johnson testified that most ovarian cancers are in a cyst, the cells being in a fluid, and when the cyst is ruptured the cells grow wherever they light. It is clear from the evidence there was no attempt made to discover any cyst nor any evidence that any cyst was in existence. Doctor Johnson inferred and presumed there was such a cyst and on that inference or presumption then further inferred or presumed that the fall caused the cyst to rupture with the consequence of hastening the progress of the cancer from which the decedent was concededly suffering. In *McKenzie v. New York Life Ins. Co.,* 153 Kan. 439, 112 P. 2d 86, this court considered a case similar to the one now under consideration and held:

"In an action on a life insurance policy to recover the double indemnity therein provided in case of accidental death, the burden of proof is upon the plaintiff to show that death resulted from injury due to an accident within the meaning of the provision contained in the policy.

"Presumptions or inferences based upon presumptions or inferences are insufficient to meet a burden of proof resting upon a pleader." (Syl. ¶¶ 1, 2.)

Second, the rider on the insurance policy provided the double indemnity should not be payable if the insured's death resulted from injuries which did not show a visible contusion or wound on the exterior of the body except in the case of internal injuries revealed by an autopsy. Plaintiff's proof disclosed there was no visible contusion or wound on the exterior of the body, and there was no autopsy. No trier of the fact may be permitted to conjecture as to what an autopsy would have disclosed had there been one. We need not enter into any discussion there was any burden

on the appellee to establish these facts. Appellant's evidence disclosed them.

In our opinion the plaintiff's proof failed to show that the insured's death resulted from injury due to an accident within the meaning of the rider attached to and made part of the life insurance policy, and that the defendant's demurrer thereto should have been sustained.

The judgment of the trial court is affirmed.

SMITH, J., dissents.