No. 39,948

IRA B. McCRARY and BEULAH G. McCRARY, His Wife, AMY LEE MAYER, formerly known as AMY LEE McCRARY, and GEORGE H. MAYER, Her Husband; MOLLIE FISHER, also known as MARY E. FISHER, and JOHN S. FISHER, Her Husband; GRACE E. McCRARY, a Widow; and DOROTHY PAYNE, and L. A. PAYNE, Her Husband, *Appellees,* v. W. D. McCRARY, also known as WILLARD D. McCRARY, also known as WILLARD McCRARY, and LUCILLE McCRARY, His Wife, *Appellants.*

(293 P. 2d 995)

Opinion filed February 29, 1956.

A. C. Cooke, of Kansas City, argued the cause, and Blake A. Williamson, James K. Cubbison, Lee Vaughan and Donald A. Hardy, all of Kansas City, were with him on the briefs for the appellants.

James S. Terrill, of Syracuse, argued the cause, and Cecil H. Frey, of Tulsa, Oklahoma, and Russell L. Hazzard of Dodge City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

PRICE, J.: This is an action by some of the heirs-at-law of one Jasper McCrary, deceased, to partition land in Hamilton County owned by him at the time of his death, intestate, in 1918. The principal issue revolves around an alleged oral family settlement following his death, which, if upheld, requires that the land be partitioned in accordance with the allegations of the petition, and which was decreed by the trial court.

Because of the nature of the case it is considered unnecessary to detail the pleadings. In brief, it may be said the petition alleges the interests of the respective parties to be on the basis of a family settlement entered into by the widow and five children of Jasper shortly after his death. Under this theory the interests of all parties would be figured on the basis of one-sixth each, and the defendant, W. D. McCrary, would be entitled to a two-sixths interest by virtue of having, in the meantime, received a deed from his mother to her interest in the land in question.

In brief, the answer denies the making of the family settlement, and alleges that the property should be partitioned in accordance with the law of intestate succession, which means that the children, other than defendant W. D. McCrary, would be entitled to share on the basis of an undivided one-tenth interest each, and that he, by virtue of the deed from his mother conveying her alleged one-half interest, would thus be entitled to a six-tenths interest in the property.

As stated, the trial court found that the alleged family settlement

had been made, that it was fair and equitable, and ordered partition of the land on that basis. Defendant and his wife have appealed.

The trial court made findings of fact and conclusions of law. Very briefly stated, they are to the effect that shortly after decedent's death his widow and children entered into an oral agreement whereby the widow was to have for herself the Missouri homestead where she and deceased had lived, and as consideration for such she agreed to accept only a child's share in all other property, including the Hamilton County land in question; that through a long period of years Ira B. McCrary, one of the plaintiffs, acting under a power of attorney from the other heirs, had been in charge of the property and accounted to the other owners on the basis of an undivided one-sixth interest each, and that each had accepted such one-sixth share of rentals and other income without question.

The conclusions of law were in harmony with these findings, and partition was decreed accordingly.

In passing, it is noted that defendants filed no motions to set aside or modify any findings of the trial court, and neither do they specify as error the overruling of their motion for a new trial.

In this court defendants make two contentions.

The first is that there is no substantial competent evidence to establish that a valid family settlement agreement was ever entered into, or that such alleged agreement could be construed as fair and equitable.

Conceding, solely for the sake of argument, that under this record the question is properly before us, there is no doubt but that this contention may not be sustained. No good purpose would be served by reviewing at length the evidence, both oral and documentary, which the court had before it. Our duty is not to weigh evidence but rather is to examine it to ascertain if it supports the findings. We have examined the record and have no hesitancy in concluding that the trial court's findings are based upon substantial competent evidence.

Defendants' other contention is that the decree of descent of the probate court of Hamilton County, in 1945, was a final order determinative of the rights of the parties, and that the district court had no jurisdiction to alter it in the instant partition action.

In this connection, it should be stated that in 1945, in a proceeding brought to determine descent under the provisions of G. S. 1949,

59-2250 and 2251, the probate court of Hamilton County entered a decree to the effect that at the time of his death, intestate, decedent was survived by his widow and five children as his heirs-at-law, and the property in question was assigned to them in accordance with the law of descent and distribution.

Defendants argue this decree is *res judicata* and binding insofar as the respective shares of the heirs are concerned in the partition action.

Defendants are in error in so contending for at least two reasons. In the first place, the decree of descent merely determined the question of heirship at the time of decedent's death, and in no way affected any rights of the parties acquired subsequent to his death. The shares claimed by plaintiffs in the instant partition action are based upon a family settlement entered into subsequent to decedent's death. In the second place, the extent and effect of the decree of descent was not to determine controverted issues of title to or ownership of property belonging to the decedent. Its function was to declare only the title which accrued under the law of intestate succession. (See *Zaloudek v. Zaloudek*, 171 Kan. 72, 74, 229 P. 2d 727.)

And, finally, it is contended that in their partition action plaintiffs seek to receive from the estate more than their distributive shares under the law of intestate succession, and therefore their action amounts to a "claim" against the estate over which the probate court, rather than the district court, would have jurisdiction.

A short answer to this contention is that in no sense of the word can it be said the judgment sought in the partition action amounts to a "claim" against decedent's estate. It is merely an assertion of rights growing out of an alleged family settlement and agreement entered into subsequently, and which the court by its findings upheld.

A careful examination of the record before us discloses no error, and the judgment is therefore affirmed.

HARVEY, C. J., not participating.