Arthur Gr. Klein, J.
This action has been brought by the plaintiff to recover the sum of $50,000 for breach of an alleged oral contract entered into by her late husband, Dan Weiner, with the defendants. Weiner, a free-lance photographer, was to proceed to Lexington, Kentucky, where, with others, he was to board a plane owned and operated by one Dr. Leet to take photographs to be used by the defendants in connection with an article to be published by them in their publication “ Scope ”. The defendants, according to the plaintiff, agreed to procure, at their cost and expense, an insurance policy on the life of Dan Weiner in the amount of $50,000, the said policy to name plaintiff as the sole beneficiary. Weiner proceeded to Lexington, Kentucky, where he boarded the plane owned by Dr. Leet, which crashed, resulting in his death. The plaintiff’s action is predicated on the failure of the defendants to procure the life insurance policy in accordance with their agreement. On the trial *471 the jury rendered a verdict in plaintiff’s favor in the amount of $50,000. Decision was reserved on defendants’ motions to dismiss the complaint, made at the end of the plaintiff’s case, and at the end of the entire case.
The plaintiff’s action is based upon the alleged agreement between her husband, Dan Weiner, and the defendants, whereby the latter undertook to obtain a policy of insurance on Weiner’s life. Thus, the agreement sued upon was not one where the defendants assumed any obligation to make any payment whatever to the plaintiff. The defendants did not agree to render any performance to the plaintiff nor was any obligation created running from the defendants to the plaintiff. The plaintiff would benefit only as an incidence of the performance of the agreement, which benefit was to be received by her only from payment made by the insurer.
The plaintiff, therefore, would at most be the incidental beneficiary under the alleged contract. Recognizing the liberal trend of our courts towards giving effect to promises made for the benefit of a wife as a donee beneficiary under a contract, such effect cannot be extended to a situation where, as here, no promise or obligation was undertaken by the promisor to the wife, and where the wife is neither a donee beneficiary nor a creditor beneficiary.
The Restatement of Law of Contracts (§ 133) provides: “ (1) Where performance of a promise in a contract will benefit a person other than the promisee, that person is * * * (a) a donee beneficiary if it appears from the terms of the promise in view of the accompanying circumstances that the purpose of the promisee in obtaining the promise of all or part of the performance thereof is to make a gift to the beneficiary or to confer upon him a right against the promisor to some performance neither due nor supposed or asserted to be due from the promisee to the beneficiary; (b) a creditor beneficiary if no purpose to make a gift appears from the terms of the promise in view of the accompanying circumstances and performance of the promise will satisfy an actual or supposed or asserted duty of the promisee to the beneficiary * * * (c) an incidental beneficiary if neither the facts stated in Clause (a) nor those stated in Clause (b) exist.”
The Restatement of the Law of Contracts (§ 147) states: 6 ‘ An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.”
The case of Cory v. Troth (170 Kan. 50), involves facts almost identical with those presented here. There, the parents of a deceased son sued to recover damages from the defendants, *472 owners of a flying school. The plaintiffs alleged that when their son contracted with the defendants for flying instructions, the defendants represented to the son that his life would be insured for $10,000 against any accident in which he might be involved while training as a student. Papers were signed in which the defendants represented that the father and mother Avere to be named as beneficiaries under such policy. The son was killed while taking flying lessons. The defendants had failed to procure any insurance on his life. The court, holding that the parents had no cause of action as third-party beneficiaries, said (p. 54): “ But if it be considered that the appellants were attempting to state a cause of action in their own behalf as third party beneficiaries of a contract between their son and the appellees, it is clear from the allegations of the petition that no valid and binding contract for insurance for their benefit Ayas ever made — the contrary appears. Under the authorities above mentioned the essential element of a valid and binding contract between the promisor and the promisee was lacking, and the appellants as claimed third party beneficiaries may not maintain an action on the theory advanced by them. ’ ’ The court in its opinion cited with approval section 133 of the Restatement of Contracts.
The Restatement of Contracts (1954 Supp., p. 360) commenting on the Gory case says it “ did not state cause of action in favor of parents as third party beneficiaries of alleged agreement between son and defendants.”
Couch, Insurance (vol. 8, 1960 Supp., p. 106) comments as follows: “ Cory v. Troth 170 Kan. 50, 223 P. 2d 1008 holding that if parents were attempting to state a cause of action in their own behalf as third party beneficiaries of a contract between their son and a flying service composed of the defendants that they could not recover where it was clear that no valid and binding contract for insurance for their benefit was ever made.”
Similarly in the case of Tomaso, Feitner & Lane v. Brown (4 N Y 2d 391) an advertising agency sued the principal stockholder of a corporation to recover the balance due for advertising services rendered to the corporation. Prior to the incurring of this obligation, the defendant, principal stockholder, had told the president of the corporation that if the corporation engaged in an extensive advertising campaign, the defendant Avould reimburse the corporation and would make available whatever moneys were necessary for this purpose. The Court of Appeals said (p. 393): “ Since, however, plaintiff is at best an incidental beneficiary rather than a third-party creditor *473 beneficiary, it may not enforce the agreement made between defendant and the corporation.”
In the case of Moch Co. v. Rensselaer Water Co. (247 N. Y. 160) cited by the plaintiff, recovery was denied to the plaintiff whose warehouse was burned, and who sued the water company which agreed with the City'of Rochester to supply the necessary water. Plaintiff claimed damages because of the failure of the defendant to supply this water resulting in the burning of its warehouse. Chief Judge Cardozo wrote as follows (pp. 164-165): “ The benefit, as it is sometimes said, must be one not merely incidental and secondary (cf. Fosmire v. Nat. Surety Co., 229 N. Y. 44). It must be primary and immediate in such a sense and to such a degree as to bespeak the assumption of a duty to make reparation directly to the individual members of the public if the benefit is lost. * * * By the vast preponderance of authority, a contract between a city and a water company to furnish water at the city hydrants has in view a benefit to the public that is incidental rather than immediate, an assumption of duty to the city and not to its inhabitants. ”*
Williston in his work on Contracts (3d ed., vol. 2, § 347) describes a contract for the benefit of a third party, on which the third party may seek a recovery as “A contract in which the promisor engages to the promisee to render some performance to a third person ”.
Thus, the legal criterion in determining the plaintiff’s right of recovery from the defendants here is not the measure of benefits she might ultimately receive or the loss claimed to have been suffered by her, but the extent to which the defendants obligated themselves to make payment to her. There is no such obligation in this case. As is said in Williston on Contracts (3d ed., vol. 2, § 402): “ It sometimes happens that a person who is neither the promisee of a contract nor the party to whom performance is to be rendered will derive a benefit from its performance. Such a person is neither a donee beneficiary nor a creditor beneficiary, but belongs to a third type — the incidental beneficiary. ‘ An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee. ’ ’ ’
The case of Seaver v. Ransom (224 N. Y. 233) cited by the plaintiff, presents the situation of a third-party beneficiary suing a defendant who agreed to make payment directly to this beneficiary. In that case defendant’s testator assured his wife that if she would sign a will as prepared by him, which named bim residuary legatee, he would undertake that the plaintiff *474 (Ms wife’s Mece) would receive the house or that he would leave the niece enough to make up the difference. The will of defendant’s testator made no such provision and the Mece sued to recover what defendant’s testator had agreed to give her. Thus she was clearly a donee beneficiary under the contract made between the defendant’s testator and his wife. The court said (p. 237): “ it is just and practical to permit a person for whose benefit a contract is made to enforce it against one whose duty it is to pay.” That case is clearly distinguishable, as in the instant case the alleged contract imposed no duty upon the defendants to pay anything to the plaintiff.
In the case of Pond v. New Rochelle Water Co. (183 N. Y. 330) also cited by the plaintiff, the defendant had contracted with the Village of Pelham Manor to supply water directly to the consumers, residents of that village. The plaintiff, as a customer of the defendant, sought to enjoin the defendant from forcing the collection of a water rate in excess of that fixed in the contract. The Coxirt of Appeals pointed out that the defendant had undertaken a direct obligation to the plaintiff and others similarly situated to supply them with water at a fixed rate. This case differs from Moch (supra) because there the water company undertook no direct performance to the consumer beneficiary, and .in this case the promisor’s obligation ran directly to the consumer beneficiary.
The remaining cases cited by the plaintiff involved property rights, the right of municipality to sue on a contract to which it was a party, or indemnity agreements, and hence have no application here.
Professor Corbin’s article “ Contracts for the Benefit of Third Persons” (27 Yale L. J. 1008) sets forth the writer’s views on the rights of third parties to a contract. These views are not sufficiently persuasive to overcome the apparent weight of authority in this and other jurisdictions.
In view of the foregoing determination, it becomes unnecessary to reach the question of the failure of plaintiff to furnish any proof of authority in the defendants’ representative, or whether the alleged agreement violated subdivision 9 of section 31 of the Personal Property Law.
The defendants ’ motion to dismiss the complaint on the merits is accordingly granted, with appropriate exception to the plaintiff. All motions, the determination of which would be contrary to the foregoing are denied.

 This case while cited by plaintiff would appear to be authority for the defendant.