No. 42,161

DON E. PRATT, et al., *Appellants,* v. ANNA J. GERSTNER and HENRY A. STECKLEIN, *Appellees.*

(360 P. 2d 1101)

Opinion filed April 8, 1961.

*Delmas L. Haney,* of Hays, argued the cause and was on the brief for the appellants.

*Thomas C. Boone,* of Hays, argued the cause and was on the brief for the appellees.

The opinion of the court was delivered by

PRICE, J.: This was an action in replevin to recover possession of oil-well casing. Judgment was rendered for defendants and plaintiffs have appealed.

The facts are not in dispute.

On November 14, 1952, defendant, Anna J. Gerstner, and her husband (who is now deceased) executed and delivered an oil and gas lease to defendant, Henry A. Stecklein, he being Anna's son. On the same day Henry assigned the lease to plaintiff, Don E. Pratt, who later assigned interests therein to other plaintiffs in this action.

The lease was for a primary term of six months, and further provided that it should remain in full force for "as long thereafter as

oil or gas, or either of them, is produced from said land by the lessee." It also contained this further provision:

Lessee shall have the right at any time to remove all machinery and fixtures placed on said premises, including the right to draw and remove casing."

Production of oil in paying quantities was obtained from two wells, thus extending the term of the lease beyond the six-months period. Production ceased in May, 1957.

On December 2, 1957, plaintiff lessees executed to defendants the following release of the oil and gas lease in question:

"RELEASE OF OIL AND GAS LEASE

"KNOW ALL MEN BY THESE PRESENTS: That Don E. Pratt, . . . do hereby release, relinquish and surrender to the lessor, Anna J. Gerstner, formerly Anna J. Stecklein, and Peter Gerstner, her husband of Hays, Kansas, as lessors and Henry Stecklein as lessee—, dated the 14th day of November, 1952 covering the following described land to-wit: . . . said lease being recorded in the office of the Register of Deeds in and for said County, in Book 113 at page 198."

Prior to the execution of the foregoing release, but on a date not shown by the record, plaintiff lessees had removed pump jacks, tank batteries, and other personal property from the lease.

Subsequent to the execution of the release defendant Henry A. Stecklein went on to the lease and produced oil from one of the two wells which had been drilled by plaintiff lessees. Also, subsequent to the execution of the release, defendants gave a lease to an oil company which drilled a well and obtained production for a short time and later surrendered the lease. The oil-well casing involved in this replevin action was not listed for taxation in 1958 or 1959.

Plaintiffs filed this action on October 6, 1959, and in their petition alleged that they were the owners of and entitled to the immediate possession of the casing in question.

In their answer defendants, among other things, alleged that when, on December 2, 1957, plaintiffs executed the heretofore quoted release, they, the plaintiffs, had full knowledge that the casing was located on the land covered by the oil and gas lease; that by the terms of such general release plaintiffs thereby released all right, title and interest in the property, and that because of such release and the long intervening period of time plaintiffs were barred, and that the casing in question was the property of defendants.

By way of reply plaintiffs, among other things, alleged and relied upon the quoted provision of the lease which provided that the lessee shall have the right "at any time" to draw and remove casing.

Upon the issues thus joined the case proceeded to trial and at the conclusion thereof the court made findings of fact substantially as above related.

For its conclusion of law the court held:

. . . . . . . . . . . . . .

"It follows that a lessee or any other person shall have no right to remove fixtures from real estate except as provided in some type of contract. An oil and gas lease is such a contract. It also follows as a general principle that no person without any type of contract would have a right to remove fixtures from the land of another. Now, what right did these plaintiffs have after December 1957? The only possible conclusion is that they had none. . . . No more complete abandonment would be possible than the execution and delivery of a release. We then come to this conclusion that the lessees had absolutely no right to remove the casing except that right given to them under the lease, and that the lease became a nullity, and all rights under it were abandoned by the release executed in December 1957."

Judgment was entered accordingly in favor of defendants. Plaintiffs have appealed. They make no complaint as to the facts found but contend the conclusion of law is erroneous.

It is readily apparent the decision of the trial court was based upon the theory and proposition that all rights of plaintiffs under the lease to remove casing were extinguished by the release executed by them on December 2, 1957.

In support of their position plaintiffs contend the most that can be said of the release is that it merely surrendered their rights to enter, explore for and remove oil and gas from the premises; that notwithstanding the release they had a reasonable time thereafter in which to remove the casing, and that the trial court erred in not taking all of the surrounding facts and circumstances into consideration in determining whether they removed or attempted to remove the casing within a reasonable time.

Defendants, on the other hand, while conceding that under the express provision of the lease plaintiffs had the right to remove the casing "at any time" —contend that such phrase means "within a reasonable time"—and that far more than a reasonable time had elapsed in this case. They further contend—as held by the trial court—that the execution of the general release by plaintiffs resulted in the abandonment by them of any and all of their interests under the lease—including the right to remove casing—and as the lease was released, any property or fixtures left on the land became the property of the fee owner.

In support of the various arguments made a number of cases are cited, among them being *Collins v. Oil & Gas Co.*, 85 Kan. 483, 118 Pac. 54, 38 L. R. A. (NS) 134; *Newlands v. Ellis*, 131 Kan. 479, 292 Pac. 754, and *Dupont v. Lotus Oil Co.*, 168 Kan. 544, 213 P. 2d 975, none of which, however, is specifically factually in point.

As we view this case, it is unnecessary to decide the specific point upon which the trial court based its decision, for we think that clearly, under the facts and circumstances shown by the record— plaintiffs did not remove the casing "within a reasonable time."

The lease was dated November 14, 1952. Production was had until May, 1957—at which time it ceased. On December 2, 1957, seven months later, plaintiff lessees executed the general release. In the meantime they had removed equipment from the land—but not the casing. This action—begun in October, 1959—was not filed until twenty-nine months after production had ceased—and twenty-two months after the execution of the release. What may or may not constitute "within a reasonable time" in a given situation of course depends upon the particular facts, circumstances and conditions. If in this case there were any facts or circumstances to justify the long delay on the part of plaintiff lessees to assert their claimed rights—they are not shown in the record.

In 24 Am. Jur., Gas and Oil, § 68, at page 578, is found the following:

"As a general rule, a lessee desiring to remove his machinery, etc., must act within the term of the lease or within a reasonable time after its expiration, notwithstanding the lease purports to authorize him to do so 'at any time.' What constitutes a reasonable time depends, of course, upon the particular circumstances."

In the annotation concerning rights and remedies with respect to casing in oil and gas leases, at 39 A. L. R. 1255, it is said:

"It seems clear that where a lessee expressly reserves in his lease the right to remove casing, or fixtures generally, he may so remove them within the term of the lease or a reasonable time after its termination; and where he has expressly reserved the right to remove 'at any time,' the courts hold that a reasonable time is contemplated." (p. 1258.)

In Summers—The Law of Oil and Gas, Permanent Edition, Vol. 3, § 526, page 453, the general rule is stated:

"It is a well-settled rule that casing in wells, derricks, engines, and other machinery and appliances placed upon the land by the lessee for testing, developing and operating the land for oil and gas purposes are trade fixtures. They may, therefore, be removed at any time during the existence of the

lease, or within a reasonable time after its termination. If they are not so removed, they become the property of the landowner."

Our conclusion, therefore, is that plaintiff lessees did not remove the casing "within a reasonable time" after abandonment of the lease—that is, after production ceased. Furthermore, they did not remove it "within a reasonable time" after the surrender of the lease evidenced by the release of December 2, 1957. And so— even though we express no opinion as to the correctness of the reason given by the trial court in deciding the case—the judgment rendered was nevertheless correct and is affirmed. (G. S. 1949, 60-3317; *Janzen v. Troth*, 170 Kan. 152, 223 P. 2d 1011; *Stevens v. State Corporation Commission*, 185 Kan. 190, 341 P. 2d 1021.)

FATZER, J., concurring specially: Press of work makes impossible an extended concurring opinion. While the judgment of the lower court is here affirmed, the majority opinion bases the decision upon the ground that the plaintiffs did not remove the casing "within a reasonable time." This is not a case involving the right to remove casing after an oil and gas lease is terminated by reason of cessation of production and where no written release is given the lessor by the lessee. While production had here ceased, the plaintiffs surrendered in writing all their right, title and interest in the lease without reserving the right to remove the casing. The only right the plaintiffs had to remove the casing was by virtue of the reservation in the oil and gas lease. When they released, relinquished and surrendered to the defendants all their right, title and interest in the lease on December 2, 1957, without expressly reserving the right to remove the casing, their right to do so ceased to exist. In my opinion, the decision of the trial court in favor of the defendants was based upon a correct application of the law.