No. 35,135

St. Paul Fire & Marine Insurance Company, *Appellee,* v. Louis Bender (also Known as Louie Bender); *Appellant.*

(113 P. 2d 1062)

Opinion filed June 7, 1941.

*Jerry E. Driscoll* and *Harold W. McCombs,* both of Russell, for the appellant.

*C. R. Holland,* of Russell, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment overruling a demurrer to a petition in an action to recover from defendant the amount of money plaintiff had paid to one Goodman in accordance with the terms of its insurance policy protecting Goodman's automobile from damage.

Goodman's car had been demolished in a collision with defendant's car—through the alleged fault of defendant. Plaintiff paid

the amount of insurance specified in the policy, $250, and received from Goodman an acknowledgment of full payment thereof and an assignment to plaintiff of all his claims and demands on account of his loss and damage. The assignment also declared that plaintiff would be subrogated to the rights of Goodman, and that—

"The said company is hereby authorized and empowered to sue, compromise, negotiate, or settle in the name of the undersigned, or otherwise, to the extent of money paid as aforesaid.

. . . . . . . . . . . . . . .

"Dated at Russell, Kansas, this 5th day of August, 1937.

FRANCES E. GOODMAN (LS).

(Filed July 5, 1940)"

Plaintiff's amended petition pleaded the pertinent facts and also alleged that pursuant to the assignment defendant paid to plaintiff "upon said claim for damages" the sum of $50, leaving a balance of $200 due, for which amount, with interest, it prayed judgment.

Plaintiff's original petition had been subjected to a motion to make it definite and certain in many particulars, which motion was sustained in part and overruled in part. Following the filing of plaintiff's amended petition, defendant filed a demurrer thereto on the ground that no cause of action was stated therein in favor of plaintiff. Defendant also filed a motion to dismiss plaintiff's action *with prejudice* because of plaintiff's alleged noncompliance with the court's order to make its petition definite in certain particulars.

The trial court overruled that demurrer and motion. Hence this appeal.

Before considering the errors urged against that ruling, we have to notice a motion of appellee to dismiss this appeal on the ground that on May 5, 1941, at the instance of plaintiff, the district court dismissed the action without prejudice, and in consequence the matters involved in this appeal have become moot.

This suggestion is untenable. While a plaintiff with the discretionary sanction of the trial court may dismiss his action, that rule has certain obvious qualifications. Once a litigant has brought his adversary into court, and issues of law or of fact are raised or joined between them, the rights of the latter in the subject matter of the litigation are just as potent as those of the former. Being brought into court, he is entitled to have the controversy adjudicated to a finality, so that there may be an end of litigation. If that goal cannot be attained without an appellate review, and the pro-

cedural steps are properly taken to secure it, the further control of the litigation is in the appellate court, not in the trial court. Our civil code gives the right of appellate review from an order of the district court which "sustains or overrules a demurrer." (G. S. 1935, 60-3302.) That right cannot be prejudically cut off by some strategical manuever in the lower court. Exceptions to this rule there may be, but the rule itself is an elementary one. In Phillips on Code Pleading, 2d ed., section 43, p. 36, it is said:

"The appeal deprives the lower court of further jurisdiction as to the matters appealed, and vacates the judgment, and also the rulings on demurrer entered by such court."

See, also, our own recent cases of *Kotwitz v. Gridley Motor Co.,* 148 Kan. 676, 84 P. 2d 903; and *Hicks v. Parker,* 148 Kan. 679, 84 P. 2d 905.

It follows that appellee's motion to dismiss must be denied.

Touching the errors complained of by defendant, we will first notice his contention that he was entitled to have the action dismissed *with prejudice* because, he argues, the trial court's ruling which ordered the plaintiff to make its petition definite and certain was not fully complied with. We think this point untenable. The civil code specifies the particular matters on which a trial court's rulings will furnish a basis for an appeal, and an order overruling a motion to dismiss, with or without prejudice, is not one of them. (G. S. 1935, 60-3302.)

Coming now to the main point, which relates to the overruling of defendant's demurrer to plaintiff's petition, it must be noted that liability of defendant Bender to recoup plaintiff's outlay on its insurance policy to Goodman, is predicated on Bender's alleged tortious demolition of Goodman's automobile. It is elementary that a right of action for damages for a tort—a mere civil wrong—is not assignable; consequently plaintiff's payment of its insurance liability and the recitals of assignment and of subrogation contained in Goodman's receipt for the payment of the insurance money, conferred no legal right of action on plaintiff to maintain this action in its own name. The civil code (G. S. 1935, 60-401) declares that an action cannot be maintained on an assignment of a thing in an action not arising out of contract. Sixty-eight years ago, in *McCrum v. Corby,* 11 Kan. 464, 470, this court said: "Under our statutes every chose in action is assignable except a tort." In *K. M. Rly. Co. v. Brehm,* 54 Kan. 751, 39 Pac. 690, it was said:

"Under our statutes, a right of action against a party for negligently and wrongfully destroying property by fire is not assignable." (Syl.)

See, also, *A. T. & S. F. Rld. Co. v. Chenoweth,* 5 Kan. App. 810, 49 Pac. 155; *Railroad Co. v. Insurance Co.,* 7 Kan. App. 447, 53 Pac. 607; 2 R. C. L. 610-611; 6 C. J. S. 1080-1084; Anno.—Assignment—Action *ex delicto,* 5 A. L. R. 130-133.

In a variety of *ex delicto* cases where a recovery was sought against a wrongdoer, it has been held that the action should be brought in the name of the injured party although he might have been reimbursed in whole or in part by a third party having a lawful interest to protect. (*Railroad Co. v. Blaker,* 68 Kan. 244, 75 Pac. 71; *Insurance Co. v. Cosgrove,* 85 Kan. 296, 299, 116 Pac. 819; *Smith v. United Warehouse Co.,* 123 Kan. 515, 255 Pac. 1115; *Watson v. Travelers Mutual Cas. Co.,* 146 Kan. 623, 73 P. 2d 64.) The case of *Allis Chalmers Mfg. Co. v. Security Elev. Co.,* 140 Kan. 580, 38 P. 2d 138, properly considered, is not at odds with the general trend of our own decisions. Another recent case, *American Mut. Liability Ins. Co. v. State Highway Comm.* 146 Kan. 239, 69 P. 2d 1091, is pertinent here only so far as it holds that the right of an insurer to subrogation when it has paid its contract liability on an accident policy extends no further than the pertinent statute permits.

We note, but attach no significance to the pleaded fact, that defendant paid $50 to plaintiff pursuant to the assignment of Goodman's claim against defendant.

We hold that defendant's demurrer to the petition on the ground that plaintiff had no right to maintain the action in its own name should have been sustained, and the judgment of the district court is therefore reversed.