No. 35,353

The Old Colony Insurance Company, *Appellant,* v. The Kansas Public Service Company, *Appellee.*

(121 P. 2d 193)

644

Opinion filed January 24, 1942.

*Edward T. Riling* and *John J. Riling,* both of Lawrence, for the appellant.

*C. C. Stewart* and *O. K. Petefish,* both of Lawrence, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action by an insurance company against a gas distributing company to recover damages to a residence building which it claimed was damaged by reason of the negligence of the gas distributing company in permitting a leak to exist in its service pipe just outside the building. It was claimed the gas entered the building, was ignited, and that the explosion resulted. The trial court sustained a general demurrer to plaintiff's evidence. From that ruling the plaintiff insurance company appeals.

The action was not brought by or on behalf of the party who owned the damaged building. It was brought by the insurance company in its own name and for its own benefit. The theory upon which appellant brought the action, as disclosed by its amended petition, was: It had issued an insurance policy to one M. S. Winter, who was the owner of the residence in question at the time the policy was issued and at the time of the fire; the property was damaged by reason of the negligence of appellee, the gas distributing company; appellant settled the loss with M. S. Winter and obtained from him a subrogation receipt; appellant was subrogated to all rights which the owner of the building had against the wrongdoer, the gas company; the subrogation receipt authorized the insurance company to sue the alleged wrongdoer in the name of M. S. Winter, or otherwise.

In view of the conclusion we have reached it will be unnecessary to narrate the evidence pertaining to the alleged negligence of the defendant gas distributing company or that part of the record which pertains to the establishment of a proper measure of damages. We shall narrate only such portion of the record as relates to appellant's right to maintain the instant action in its own name. The material portion of plaintiff's evidence in that respect was in substance as follows: The contract of insurance was issued and delivered solely and alone to M. S. Winter, as the insured; the only interest of M. S. Winter which the policy insured was an interest of unconditional and sole ownership; the pertinent portion of the policy provided:

"This entire policy, unless otherwise provided by agreement endorsed hereon

or added hereto, shall be void . . . if the interest of the insured be other than unconditional and sole ownership . . .";

the policy at no time contained any provision which in any manner waived or modified the above quoted provision; the residence constituted the homestead of M. S. Winter and his wife; the title to the property at the time the policy was issued and delivered and at the time of the fire was not in M. S. Winter, the insured, but in his wife; the insurance company settled with M. S. Winter, and paid him for the loss; it obtained a subrogation receipt from him; the pertinent portion thereof reads:

"In consideration of and to the extent of said payment the undersigned (M. S. Winter) hereby subrogates said insurance company, to all of the rights, claims and interest which the undersigned may have against any person or corporation liable for the loss mentioned above, and authorizes the said insurance company to sue, compromise or settle in the undersigned's name or otherwise all such claims and to execute and sign releases and acquittances and endorse checks or drafts given in settlement of such claims in the name of the undersigned, with the same force and effect as if the undersigned executed or endorsed them."

Among the contentions advanced by defendant in support of its demurrer were the following:

"That the policy of insurance was void under its own terms since M. S. Winter, the insured, was not the unconditional and sole owner of the property;
"That the appellant, as assignee of a tort, could not maintain the suit."

We shall first consider Winter's right to recover on the policy. Clearly, Winter's interest in the property was not that of unconditional and sole ownership, and therefore the insurance company was not liable to him on the theory he possessed such interest. (*Kennedy v. Glen Cove Ins. Co.*, 154 Kan. 327, 118 P. 2d 591.) Winter could not have brought an action on the policy on the theory he was the unconditional and sole owner of the property and, failing to establish that interest, abandon that theory and recover upon the theory he had a homestead interest in the property. The latter interest was not the interest which was insured. In 29 Am. Jur., Insurance § 614, it is said:

"It is well settled that a husband is not the sole and unconditional owner of property the title to which is in his wife, even though the property is occupied as a homestead; nor does such a title satisfy a provision avoiding the policy if his interest is any other than a perfect legal and equitable ownership. The wife's property should be insured in her own name where sole and unconditional ownership is essential to the validity of the policy."

In *Bascot v. Insurance Co.*, 96 Miss. 223, 50 So. 529, it was held:

"A husband cannot insure a house on the homestead, title to which is in the wife, representing that he is the sole and unconditional owner, and, when the property is destroyed, abandon the insurance contract and its conditions as to sole ownership, and collect the value of the policy, on the theory that he, though not the sole owner as represented, yet has an insurable interest in the property as a homestead." (Syl. ¶ 3.)

The result is the insurance company was not liable to M. S. Winter on the instant policy.

To what rights of Winter did the insurance company become subrogated by virtue of its voluntary payment to Winter? The doctrine of subrogation is not invoked in favor of a mere volunteer. Payment for which subrogation is claimed must have been made under compulsion, or for the protection of some interest of the party making it and in discharge of an existing liability. This rule is well established. (*Safe Deposit Co. v. Thomas*, 59 Kan. 470, 476; 53 Pac. 472; *Scandinavian Mutual Ins. Co. v. Chicago, B. & Q. R. Co.*, 104 Neb. 258; *United States F. & Guar. Co. v. Bramwell*, 108 Ore. 261, 217 Pac. 332, 32 A. L. R. 829; *Standard Marine Ins. Co. v. Scottish Metropolitan Assur. Co.*, 39 F. 2d 436, 438, affirmed in 283 U. S. 284, 75 L. Ed. 1037, 1041; 8 Couch on Insurance, § 1996; Vance on Insurance, p. 673.)

In the Standard Marine Ins. Co. case, *supra*, the supreme court of the United States said:

"Petitioner may not be subrogated to a recovery for a loss against which it did not insure." (p. 290.)

It necessarily follows both M. S. Winter and plaintiff were in exactly the same position as if no policy of insurance had been issued. The only right M. S. Winter had against defendant, if any, by virtue of his homestead interest in the property was an action for damages by reason of the alleged tort. Under the circumstances in the instant case the so-called subrogation receipt, therefore, constituted nothing more than the attempted assignment of an alleged tort. Furthermore, Winter's wife was the owner of the property and Winter could assign no greater right of action than he had, and that right, if any, was an action in tort. A right of action for damages, resulting from a tort, is not assignable. Plaintiff was not the real party in interest and could not maintain the instant action in its own name. (G. S. 1935, 60-401; *McCrum v. Corby*, 11 Kan. 464, 470; *K. M. Rly. Co. v. Brehm*, 54 Kan. 751, 39 Pac. 690; *Hewey v. Fouts*, 91 Kan. 680,

683, 139 Pac. 407; *St. Paul Fire & Marine Ins. Co. v. Bender,* 153 Kan. 752, 113 P. 2d 1062.)

Plaintiff cites the case of *Casualty Co. v. Power Co.,* 99 Kan. 563, 162 Pac. 313, where it was held an insurance company is not bound to quibble with the policyholder as to whether the loss falls precisely within the terms of the policy. That is a wholesome doctrine where the question of insurance coverage constitutes a mere quibble, as it did in that case. It, however, has little, if any, application where the policy, as in the instant case, is entirely void in the event the interest in the policy which is insured is not held by the insured and where such interest as the insured may have had in the property is not insured.

Plaintiff also relies upon the recent case of *Katschor v. Ley,* 153 Kan. 569, 113 P. 2d 127. The decision is clearly distinguishable upon various grounds. We need note only a few of them. In the first place that case does not involve an insurance contract. Furthermore, it clearly announces the well-established and fundamental principle that the right of subrogation is founded upon the facts and circumstances of each particular case and upon principles of natural justice. Neither the circumstances in the instant case nor natural justice requires that we completely ignore the plain terms of an unambiguous insurance contract. Neither is that case authority for the right to assign an action for damages growing out of a tort.

Manifestly, the cases in which an insurance company is liable on its policy, pays the entire loss, and therefore becomes subrogated to the rights of the insured against a tort-feasor, are not in point. The demurrer to plaintiff's evidence was properly sustained for the reasons stated and it is unnecessary to consider other grounds of the demurrer.

The judgment is affirmed.

THIELE, J., not participating.