No. 37,651

ALICE HOWE, formerly Alice Fowler, and DONALD RAY FOWLER, a minor; JOHN DANIELS FOWLER, a minor, and LUCILE FOWLER, a minor, by ALICE HOWE, formerly Alice Fowler, mother and natural guardian and next friend of each of said minors, *Appellants*, v. LAWRENCE B. MOHL and COMMERCIAL STANDARD INSURANCE COMPANY, *Appellees*.

(214 P. 2d 298)

446

Opinion filed January 28, 1950.

*Harold W. McCombs,* of Russell, argued the cause, and was on the briefs for appellants.

*Jerry E. Driscoll,* of Russell, argued the cause, and *Delmas L. Haney* and *Benedict P. Cruise,* both of Hays, and *Richard M. Driscoll,* of Russell, were with him on the briefs for appellees.

The opinion of the court was delivered by

PRICE, J.: The question we have here pertains to the right of a widow and minor children of a deceased owner of a damaged automobile to bring an action in their individual capacities to recover for the damage done to the automobile in a collision alleged to have been caused by the negligence of one of the defendants.

On the evening of November 26, 1946, in the outskirts of the city of Russell, one Fowler, a resident of Russell county, while driving his own automobile, crashed into a truck owned and operated by defendant Mohl, which at the time was being used to move a house down the highway. Fowler's car was demolished and he sustained injuries from which he died a few days later. He died intestate, leaving his widow, Alice, and three minor children surviving him as his only heirs at law. No administration was had on his estate and no legal guardian was appointed for the person or estate of the minors.

In January, 1948, more than one year after his death, his widow, in her individual capacity, and the minors, by her as their mother, natural guardian and next friend, brought suit against defendant Mohl and his insurance carrier to recover damages for the destruction of decedent's automobile, alleging certain acts of negligence on the part of Mohl, which for our purposes, however, are immaterial and will not be narrated.

Following the lower court's order sustaining defendants' motion to strike certain allegations of the petition, each of the defendants filed a separate demurrer on the ground, among others:

"5. That the plaintiffs have no legal capacity to sue; . . ."

The demurrers were sustained on this ground—the lower court being of the opinion that while there was no question the cause of action survived—yet it survived to the personal representative of the deceased and not to his heirs or distributees.

From that ruling and from the ruling on the motion to strike the widow and minor children have appealed, and the only question is—to whom did the cause of action survive—that is, who is entitled to bring this lawsuit?

Appellants' attack upon the lower court's ruling is based upon the proposition that:

1. The cause of action survived the death of the owner, citing G. S. 1945 Supp. 60-3201.

2. In any event the automobile passed to them as exempt property under the provisions of G. S. 1945 Supp. 59-403, and an administrator, if one had been appointed, would have had no right of ownership in it.

3. More than one year had elapsed since the death of decedent, hence no claims could be filed against his estate and there was no necessity for administration thereon.

4. Under the provisions of G. S. 1945 Supp. 59-2250, the district court had power and jurisdiction to determine descent (and therefore ownership of the automobile in question) in any proper proceeding; and

5. Therefore they are the real parties in interest and are entitled to bring the action.

By the provisions of G. S. 1945 Supp. 60-3201, there can be no question but that the cause of action survived the death of the decedent. This section in part provides:

"In addition to the causes of action which survive at common law, causes of action for . . . an injury to . . . personal estate, . . . shall also survive; and the action may be brought notwithstanding the death of the person entitled or liable to the same."

See, also, the case of *Wright v. Smith,* 136 Kan. 205, 14 P. 2d 640, in which it was specifically held that a right of action for causing the destruction of an automobile survives the death of its owner and likewise survives the death of the person causing its destruction.

The petition alleged the automobile to be the only automobile owned by decedent at the time of his death, and appellants' second point is based upon the provisions of G. S. 1945 Supp. 59-403, having to do with homestead and family allowance rights, the material portion of which reads:

"When a resident of the state dies, testate or intestate, the surviving spouse shall be allowed, for the benefit of such spouse and the decedent's minor chil-

dren . . . from the personal property of which the decedent was possessed or to which he was entitled at the time of death, the following: . . . one automobile, . . ."

G. S. 1945 Supp. 59-2250, provides for the determination of descent in certain cases by a proceeding in the probate court and concludes with:

"*Provided,* Nothing in this act shall be construed to divest district courts of power to determine descent in any proper proceeding."

As a practical matter it may be conceded that under the family allowance statute, *supra,* upon the death of decedent his widow and minor children acquired a right to the possesson and use of the automobile superior to the right of any general creditor of the estate, and in that sense of the word she thus became the "owner" of it for the use of herself and the minor children.

Also, it may be conceded there are instances in which the district court possesses original jurisdiction to determine descent, as was held in *Bryson v. Phillips,* 164 Kan. 529, 190 P. 2d 876.

But we are not primarily concerned with the question of ownership of the automobile or the question of jurisdiction of the district court to determine descent and ownership—the question is—who is entitled to bring the action?

G. S. 1935, 60-401, provides:

"Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in section 27 [60-403], but this section shall not be deemed to authorize the assignment of a thing in action not arising out of contract."

This is a tort action, based on the alleged negligence of one of the defendant appellees. On the day of the accident the car was owned by Fowler. He thus had a cause of action against the alleged tort-feasor. His rights, however, were nonassignable under the statute because they did not arise out of contract. See, also, *St. Paul Fire & Marine Ins. Co. v. Bender,* 153 Kan. 752, 113 P. 2d 1062, and *Old Colony Ins. Co. v. Kansas Public Ser. Co.,* 154 Kan. 643, 121 P. 2d 193, 138 A. L. R. 1166, which hold that a right of action for damages resulting from a tort is not assignable and such assignment confers on the assignee no right of action maintainable in his own name against the tort-feasor. In other words, prior to his death Fowler could not have assigned his rights against defendant appellees to another so as to enable such assignee to bring an action to recover for the damage to the automobile. How then, in the face of the

statute, can it be said his death effected such an assignment as to enable his heirs to bring the action?

While we are primarily concerned with the survivor rather than the revivor provisions of the code, yet resort to the latter throws light on the question. Suppose Fowler himself had brought suit on this cause of action and then died, prior to final adjudication. In whose name could the action be revived? G. S. 1935, 60-3212, provides:

"Upon the death of the plaintiff in an action, it may be revived in the names of his representatives, to whom his right has passed. When his right has passed to his personal representatives, the revivor shall be in their names; where it has passed to his heirs or devisees, who could support the action if brought anew, the revivor may be in their names."

It is clear that under the statute an action can be revived in the name of the heirs or devisees of a deceased plaintiff only when the right has passed to them and when they could maintain the action if brought anew. An examination of all the survivor and revivor provisions of the code makes it clear that in the absence of statutory sanction favoring the heirs, devisees or legatees, a right of action survives to, or is to be revived in the name of, the personal representative of the deceased. An illustration of such express statutory authority is to be found in G. S. 1935, 60-3204, which provides that where no personal representative has been appointed an action under the wrongful death statute may be brought by the widow, or where there is no widow by the next of kin of the deceased. We find no such statute covering the subject matter of the case at hand.

This is in accord with the general rule laid down in 18 C. J., Descent and Distribution, § 136, p. 880, where it is said:

"As a general rule the title to all choses in action belonging to an intestate at the time of his death vests, not in his heirs or distributees, but in his administrator, and actions to enforce or collect the same must be brought by him, rather than by the heirs or distributees."

See, also, 33 C. J. S., Executors and Administrators, § 100, pp. 1054 and 1055, where the rule is thus stated:

"All debts, claims, rights, choses in action, and surviving rights of action of decedent, of every kind, reducible to money, vest in the executor or administrator, to be collected or sued on or transferred for the benefit of the estate, so that, in the absence of some default, fraud, or refusal to act on the part of the personal representative, an heir ordinarily cannot sue on rights of action belonging to the estate. . . . The representative also becomes invested

with the general rights of action pertaining to personal property, including a right of action to recover personal property, or for injuries to such property; . . ."

In conclusion, we hold that while the cause of action in this case survived the death of the decedent—it survived to his personal representative—not to his heirs, and the latter cannot maintain the action. It therefore becomes unnecessary to discuss the other matters contained in the briefs with reference to the allegations of negligence and the ruling on the motion to strike portions of the petition.

The judgment of the lower court is affirmed.