No. 48,517

KALMAN FEBERT, *Appellant,* v. UPLAND MUTUAL INSURANCE COMPANY, *Appellee,* and TEFFT & DONALDSON CONTRACTORS, INC., *Appellee,* v. KALMAN FEBERT, *Appellant,* and UPLAND MUTUAL INSURANCE COMPANY, *Appellee.*

(563 P.2d 467)

Opinion filed April 9, 1977.

*Harold E. Doherty,* of Topeka, argued the cause and was on the brief for appellant Kalman Febert.

*J. Franklin Hummer,* of Topeka, argued the cause and was on the brief for appellee Upland Mutual Insurance Company.

*Larry L. Luttjohann,* of Larry L. Luttjohann, Chartered, of Topeka, argued the cause and was on the brief for appellee Tefft & Donaldson Contractors, Inc.

The opinion of the court was delivered by

OWSLEY, J.: This is an appeal from jury verdicts rendered in two cases which were consolidated for trial. The first case was decided in favor of plaintiff Kalman Febert and against the Upland Mutual Insurance Company. Plaintiff in the second case, Tefft & Donaldson Contractors, Inc., received a verdict against Febert and Upland Mutual. Febert appeals.

The case arose from the following facts. Febert owned rental property located at 2800 Illinois in Topeka. It was insured under a homeowner's policy issued by Upland Mutual. The policy term was from December 8, 1969, to December 8, 1972. On June 28, 1972, the house, then vacant, was partially destroyed by fire. Upland Mutual adjusted the fire damage. The firm of Tefft & Donaldson was employed to repair the damage, amounting to $7,386.10. On or about August 31, 1972, the contractor began repairs. Approximately two weeks later Febert ordered Tefft &

Donaldson to cease work and vacate the premises because he was displeased with the quality of the repairs.

On September 19, 1972, Febert filed suit against Upland Mutual. The petition alleged that Upland Mutual insured plaintiff's property; that a fire occurred on the property; that Upland Mutual received notice of the damage, agreed to have the house repaired and pay plaintiff $16,000; that Upland Mutual stopped the repairs and refused to pay plaintiff $16,000; that said amount is due and owing; and that plaintiff is entitled to recover that amount plus reasonable attorney fees.

On September 12, 1973, Tefft & Donaldson filed the second lawsuit, seeking to foreclose a mechanic's lien for all work performed and materials furnished for the repairs on Febert's property.

Both cases were consolidated and set for jury trial, to commence on September 11, 1974. The trial commenced as scheduled, but a mistrial was declared shortly after the jury had been picked because the parties reached a compromise and settlement. Under the terms of the agreement, Tefft & Donaldson would repair the premises in accord with an itemized statement of work. Upland Mutual would pay for the work, totaling $9,073.97.

Tefft & Donaldson completed repairs on or about December 7, 1974. On that date, Tefft, Donaldson, Febert and a friend of Febert met at the dwelling and toured the premises. Donaldson testified that they went through every room in the house and Febert inspected the work. According to him Febert was happy with the completed repair job and had no complaints about it. At the conclusion of the tour Donaldson gave Febert a release form to sign, indicating Febert's approval. The release was not signed because Febert wanted to talk to his attorney. Febert left and Donaldson locked the premises.

On January 15, 1975, Tefft & Donaldson's counsel prepared a journal entry of dismissal and sent it to Febert's counsel. During oral argument this court was told the journal entry was never signed by Febert's counsel, who was ill and hospitalized.

During the latter part of January or early February, 1975, the house, which was still vacant, was vandalized. Damage was estimated at $6,000 to $7,000. Three juveniles were later apprehended as the culprits and dealt with in the juvenile court system. At the time of the second damage the journal entry and the release were still unsigned.

The flames of legal controversy, once thought to be extinguished, flared up anew. Tefft & Donaldson sought to have the journal entry settled and approved. The district court denied the motion, set aside the compromise and ordered the matter be set for jury trial.

Prior to trial the court issued a protective order prohibiting the mention of evidence of vandalism in the presence of the jury because it was not an issue in the case. The court further ordered that any amount awarded by the jury to Febert would be paid directly to Tefft & Donaldson, up to the amount the jury might see fit to award the firm for work performed. Any excess would go directly to Febert.

The second trial began on June 10, 1975. The case went to the jury on June 12. The jury returned a verdict in favor of Febert for $9,073.97 and in favor of Tefft & Donaldson for the same amount. Because of the pretrial order, Tefft & Donaldson received the entire jury award.

Motion for a new trial was made and overruled. A timely notice of appeal was filed. On appeal Febert challenges the two pretrial orders entered by the court which apportioned the jury award and prohibited mention of the vandalism.

The trial court properly concluded the issue of vandalism was not present in the lawsuit and should not be mentioned to the jury. Febert's petition set forth a cause of action against Upland Mutual on the insurance contract for the fire which occurred on June 28, 1972. The petition did not set forth a claim for the vandalism, or facts which constituted a claim, because the vandalism had not yet occurred. The record is devoid of any additional pleadings or amendments which established a claim against Upland Mutual or Tefft & Donaldson for the vandalism. There is no indication Febert attempted to amend the pleadings. Further, there is no showing that the court entered a pretrial order which made the vandalism an issue in the case.

A party is required to set forth facts sufficient to state a claim upon which relief can be granted. (K. S. A. 60-208; Vernon's K. S. A. Code of Civ. Proc., Authors' Comments, Sec. 60-208.1, pp. 491-92.) While it is not necessary to spell out a legal theory for relief, it is necessary to apprise an opponent as to the facts which entitle the plaintiff to relief. (*Id.*, Sec. 60-208.2, p. 492.) The advent of the pretrial conference diminished the necessity for

such specificity, but because the pleadings control in the absence of a pretrial order (*Mountain Iron & Supply Co. v. Branum*, 200 Kan. 38, 49, 434 P. 2d 1015), the need for fact pleading is evident. In the instant case the facts pled in the original petition control the scope of the lawsuit.

Evidence must be confined to the issues before the court. (*Insurance Co. v. Warbritton*, 66 Kan. 93, 71 Pac. 278; *Insurance Co. v. Thorp*, 48 Kan. 239, 244, 28 Pac. 991.) A trial court has no jurisdiction to hear issues which are not raised by the pleadings or defined at pretrial conference, except new issues raised by evidence to which there is no objection. (*Bowen, Administrator v. Lewis*, 198 Kan. 605, 612, 426 P. 2d 238; *Simonich, Executrix v. Wilt*, 197 Kan. 417, 424-25, 417 P. 2d 139.) The trial court was correct in granting the motion *in limine*. (*Lewis v. Buena Vista Mutual Insurance Association*, 183 N. W. 2d 198 [Iowa 1971]; *Wagner v. Larson*, 257 Iowa 1202, 136 N. W. 2d 312 [1965]; Holtorf, Motions to Limit Evidence, 46 Neb. L. Rev. 502 [1966]; Davis, The Motion in Limine—A Neglected Trial Technique, 5 Washburn Law Journal 232 [1966].)

The trial court was also correct in the manner in which it ordered the award to be paid. The code of civil procedure allows a trial court to consolidate actions pending in the same court when they involve common questions of law or fact. In addition, it may make such orders concerning the proceedings as may tend to avoid unnecessary cost or delay. (K. S. A. 60-242.) The trial court consolidated two cases which had a common factual background and the same legal issues. It had the power to adjudicate and resolve the legal rights and obligations between the parties.

The judgment of the trial court is affirmed.