No. 50,241

DONDLINGER & SONS' CONSTRUCTION COMPANY, INC., A Corporation, *Appellee and Cross-Appellant,* v. EMCCO, INC., A Corporation, *Appellant and Cross-Appellee.*

(606 P.2d 1026)

302

*Eldon L. Boisseau,* of Turner & Boisseau, of Wichita, argued the cause and was on the brief for appellant and cross-appellee.

*F. C. McMaster,* of McMaster & Smith, of Wichita, argued the cause and was on the brief for appellee and cross-appellant.

The opinion of the court was delivered by

HOLMES, J.: Emcco, Inc., a plumbing contractor and the defendant below, appeals from an award of damages for negligence in an action tried to the court. Dondlinger & Sons' Construction Company, Inc., a general contractor and the plaintiff below, cross-appeals from a denial of an additional amount of damages. Dondlinger recovered a judgment against Emcco for $29,415.97 for alleged negligence of Emcco's employees in causing a fire which resulted in the destruction of property for which Dondlinger was responsible. Dondlinger originally claimed damages in the amount of $30,325.97, and claims error in the cross-appeal for the failure of the trial court to grant the full amount.

In 1968, Dondlinger entered into a contract with the United States Air Force for the construction of several apartment buildings at McConnell Air Force Base near Wichita. Dondlinger, as prime contractor, subcontracted the plumbing work to Rex Robertson, Inc. Prior to completion of the plumbing subcontract, Robertson encountered financial problems and eventually was declared a bankrupt. Robertson had furnished a performance and completion bond issued by Commercial Union Insurance Company. Upon Robertson's bankruptcy, Dondlinger made a demand upon Commercial Union for completion of the plumbing subcontract. Commercial Union and the trustee in bankruptcy, with the approval of the bankruptcy court, contracted with Emcco for the completion of the plumbing work. As a part of that contract, Emcco was required to furnish a liability insurance policy covering any loss which might result from its negligence. The insurance coverage was obtained from Home Indemnity Company. Dondlinger, as a part of its contract with the Air Force, was

required to furnish a builder's risk insurance policy which was issued by Employers Liability Assurance Corporation, Ltd.

Emcco, pursuant to its contract with Commercial Union, commenced the task of completing Robertson's original plumbing contract. During the course of its work, employees of Emcco caused a fire which resulted in the destruction of two apartments and loss to Dondlinger in an alleged amount of $30,325.97. Dondlinger contended the loss was due to the negligence of Emcco's employees and made a demand upon Emcco for reimbursement of the loss. Emcco, and its insurance carrier, Home Indemnity, denied liability and refused to pay the loss. Dondlinger then made demand upon its insurance carrier, Employers Liability, and it allowed the loss in the amount of $29,415.97 and paid the same under the terms of a "loan receipt" from Dondlinger which obligated Dondlinger to repay the loan if the loss was later recovered from a third party. Dondlinger claims that in addition to the acknowledged loss paid by Employers Liability, it also incurred an additional $910.00 damages in an attempt to mitigate its damages. In a trial to the court Dondlinger was granted judgment against Emcco for $29,415.97. The court denied the additional $910.00. Emcco appeals from the judgment rendered against it and Dondlinger cross-appeals from the failure to receive judgment for the additional $910.00. No appeal is taken from the trial court's findings that the loss resulted from negligence of Emcco's employees.

At the outset we pause to observe that this is essentially a controversy between Employers Liability and Home Indemnity as to who will pay the loss caused by Emcco although neither insurance company was made a party to the action. We will first direct our attention to the appeal of Emcco.

Emcco first asserts it is a subcontractor of Dondlinger and as Dondlinger's insurance policy with Employers Liability was issued to "Dondlinger & Sons' Construction Co., its subcontractors and others of property under construction, fabrication, installation, erection or completion by the named insured," Dondlinger cannot sue a subcontractor who is a coinsured under the policy.

In *Stewart v. Cunningham*, 219 Kan. 374, 548 P.2d 740 (1976), a case involving our mechanics' lien statutes, we stated:

"A subcontractor is one who assumes a portion of a contract from the original contractor or another subcontractor for the performance of all or part of the

services or work which the other has obligated himself to perform under contract with the owner." Syl. ¶ 2.

Emcco argues that it comes within this definition in that a party to a contract may delegate the performance by the original promisor, unless the contract is of such a personal nature as to prevent its delegation to another or is prohibited by statute, public policy or the contract itself. 6 Am. Jur. 2d, Assignments § 9, p. 194. We have no quarrel with the definition of a subcontractor as set forth in *Stewart* or with the general principles expounded by Emcco but do not believe they apply to the facts of this case. The briefs submitted by counsel and our research have disclosed no Kansas cases determining the relationship between a prime contractor and a third party selected by others and substituted for an original subcontractor. In the ordinary situation, if a subcontractor subcontracts or assigns his duties to a third party, the subcontractor remains liable to the prime contractor through the original contract. In the present case, the subcontractor has been adjudicated a bankrupt and its obligations to Dondlinger delegated by Robertson's bonding company and the trustee in bankruptcy to an outside third party, Emcco. Emcco relies heavily upon Dondlinger's execution of an Air Force form required by the government which reflects that Emcco is to do a portion of the plumbing work. This form does not, in our opinion, establish the relationship of contractor and subcontractor between Dondlinger and Emcco. In fact, the form specifically states:

"The prime contractor whose signature appears below states in accordance with the provisions of the clause entitled 'Subcontractors' of his above-numbered contract with the United States of America that a subcontract was awarded on the date shown above by Commercial Union Insurance Co."

Emcco was not selected or hired by Dondlinger but by Commercial Union and the bankruptcy court who substituted Emcco for Robertson without any contract with Dondlinger. Emcco argues that, being a subcontractor, Dondlinger's insurance policy covered not only Dondlinger but also Emcco and that one insured cannot sue another coinsured in a subrogation action for a loss arising between the parties. Consequently, Employers Liability must bear the loss even though the court found, correctly, that the loss resulted from the negligence of Emcco's employees. The trial court held Emcco was not a subcontractor of Dondlinger and was not an insured under the Employers Liability policy. Was the trial court in error? We think not.

Kansas cases and those from other jurisdictions that have had occasion to define the term "subcontractor" have generally involved workmen's compensation claims, mechanics' liens or claims in federal courts under the Miller Act. All three areas involve statutes which define subcontractor for a specific purpose and therefore common law contract theories have not always been controlling. Because of the statutory definitions and specific purposes behind these statutes, some of the formal requirements of contract law have been eliminated and subcontractors of subcontractors are frequently included. On the other hand, in *Royal Indemnity Co. v. Kenny Const. Co.,* 528 F.2d 184 (7th Cir. 1975), it was held that a subcontractor, as used in a building construction contract, refers to one who takes from the *principal contractor* a specific part of the work undertaken by the principal contractor. Similar cases hold a direct contractual relationship between the contractor and subcontractor is required. See also *Executive House Building, Inc. v. Demarest,* 248 So. 2d 405 (La. App. 1971); 40 Words and Phrases, "Subcontractor," pp. 534-537; 17 C.J.S., Contracts § 1(1) g. and § 11.

"A party to a contract may not assign an obligation so as to avoid liability on the contract and shift liability to the assignee, unless the assignee assumes the obligation of the assignor with the consent of the other party to the contract and the latter releases the assignor from further liability  .  .  .  ." 6 Am. Jur. 2d, Assignments § 9, pp. 194-195.

Here, Robertson did not assign its subcontract, Dondlinger did not release Robertson, Dondlinger did not contract with Emcco, and Emcco was thrust upon Dondlinger by Commercial Union and the bankruptcy court. There was no contractual relationship between Dondlinger and Emcco that would bring Emcco within the terms of the policy. Under this factual situation the trial court did not err in finding that Emcco was not a subcontractor of Dondlinger and not an insured under the Employers Liability policy.

Emcco next asserts that Dondlinger was not the real party in interest and was precluded from bringing the action as it had been fully paid by Employers Liability. Dondlinger has asserted from the outset that the action is simply one for negligence and that the issue of insurance should not have been considered by the court. Emcco has contended throughout the proceedings that

the real issue was whether an insurer can maintain an action, through its subrogation interests, against a party who is an additional insured under its policy. It should be noted that while the principal arguments hinge around the two insurance policies neither litigant sought to bring either insurance company into the case as a named party. Dondlinger originally claimed a total loss of $30,325.97 but, after negotiations with Employers Liability, submitted a proof of loss in the amount of $29,415.97 which was paid. Dondlinger had claimed the additional $910.00 as expense incurred in its attempt to mitigate damages which might result under the contract with the Air Force. The original contract contained a penalty clause and in order to perform the prime contract by the completion date, Dondlinger used overtime labor and ordered replacement materials by air freight rather than using regular time labor and ordinary freight. Dondlinger contends this was necessary due to the delay caused by the Emcco fire. These two items were not covered by the Employers Liability policy and were not paid by the insurance carrier.

It is a well-settled rule in this state that when the total amount of the loss has been paid by the insurer, the right of action against the alleged wrongdoer rests in the insurer who, under K.S.A. 60-217, becomes the real party in interest and must bring the action for his reimbursement if one is to be maintained. *Ellis Canning Co. v. International Harvester Co.,* 174 Kan. 357, 255 P.2d 658 (1953); *J. C. Livestock Sales, Inc. v. Schoof,* 208 Kan. 289, 491 P.2d 560 (1971).

The converse of the rule is also well-settled.

"The rule has long been established in this jurisdiction that an insured property owner, who has been but partly reimbursed for his loss, is the proper party to bring suit against a third party wrongdoer for the entire loss. In case of recovery, the insured is said to hold in trust for his insurer such part of the proceeds as has been paid him on his loss. (Citations omitted.)" *Ellsaesser v. Mid-Continent Casualty Co.,* 195 Kan. 117, 118, 403 P.2d 185 (1965).

These rules and the argument of Emcco bring into play the cross-appeal of Dondlinger for the $910.00 not covered by insurance. At the beginning of trial the parties stipulated that the total damage was $30,325.97 and the trial court specifically found the damages to be that amount but did not allow the $910.00, stating that Dondlinger could have reduced its loss by not using overtime labor and air freight. The amount of damages had been stipulated upon the record by the parties and it was not incumbent upon

plaintiff to prove the specific elements and reasonableness of, nor the necessity for, the amount involved. Plaintiff, having proved the negligence and liability of Emcco by competent evidence to the satisfaction of the court, was entitled to judgment for the full amount of the stipulated damages. *In re Estate of Maguire,* 204 Kan. 686, 466 P.2d 358 (1970); *Manhattan Bible College v. Stritesky,* 192 Kan. 287, 387 P.2d 225 (1963). For Emcco to prevail upon its theory that Dondlinger was not the real party in interest required proof that Dondlinger had been reimbursed $30,325.97, the full amount of the stipulated damages. Hence there was no error in the court's finding that Dondlinger was the proper party to bring the action but the court did err in denying judgment for the $910.00.

The judgment is affirmed on appeal, reversed upon the cross-appeal and remanded with directions to enter judgment for plaintiff against defendant for an additional $910.00, making a total judgment of $30,325.97.