(681 P.2d 1074)
No. 55,617

RODNEY K. O'DONNELL, *Appellant,* v. DANIEL J. FLETCHER, *Appellee.*

Opinion filed June 7, 1984.

*Otto J. Koerner,* of Wichita, for the appellant.

No appearance by the appellee.

Before FOTH, C.J., REES and PARKS, JJ.

PARKS, J.: This action was filed on behalf of a personal injury protection (PIP) insurer in the name of the injured party, Rodney K. O'Donnell, to recover payments for medical expenses and lost wages pursuant to K.S.A. 40-3113a(c). The trial court entered a judgment in favor of defendant Daniel J. Fletcher on the grounds that the statute of limitations had run and that plaintiff O'Donnell was not the real party in interest. Plaintiff appeals.

Plaintiff contends that the statute of limitations is an affirmative defense which must be pled and that the trial court erroneously denied him a default judgment because the statute of limitations had run. Support for this contention is found in *Gideon v. Gates,* 5 Kan. App. 2d 23, 611 P.2d 166, *rev. denied* 228 Kan. 806 (1980). There, this Court held that the statute of limitations is an affirmative defense and the burden of pleading and proving its applicability rests on the defendant. *Gideon* at page 24. Moreover, K.S.A. 60-208(c) requires that in responding to a preceding pleading a party shall set forth the affirmative defense.

It is clear from the record in this case that the defendant did

not appear at the trial nor did he file any pleadings; the defense of the statute of limitations was raised by the trial court *sua sponte*. It is well established that a trial court has jurisdiction to decide only such issues as are raised by the pleadings or defined at pretrial conference, except new issues raised by evidence to which there is no objection. See *Febert v. Upland Mutual Ins. Co.*, 222 Kan. 197, 200, 563 P.2d 467 (1977); *Williams v. Evans*, 220 Kan. 394, 397, 552 P.2d 876 (1976). Since defendant failed to appear or plead the statute as a defense, the statute of limitations was waived. *Washington Avenue Investments, Inc. v. City of Kansas City*, 213 Kan. 269, 270, 515 P.2d 744 (1973).

We consider next the trial court's ruling that plaintiff was not entitled to relief because he was not the real party in interest.

K.S.A. 60-217 requires that all actions be prosecuted in the name of the real party in interest. The real party in interest is the person who possesses the right sought to be enforced, and is not necessarily the person who ultimately benefits from the recovery. *Swanston v. McConnell Air Force Base Fed'l Cred. Union*, 8 Kan. App. 2d 538, 543, 661 P.2d 826 (1983). The purpose of the real party in interest requirement is to protect the defendant from being repeatedly harassed by a multiplicity of suits for the same cause of action. *Hall v. Pioneer Crop Care, Inc.*, 212 Kan. 554, 559, 512 P.2d 491 (1973).

The petition filed in this action in the name of the injured plaintiff alleged that he sustained $5,000 in medical expenses, $766.58 in lost wages and that plaintiff was otherwise injured. A claim for $2,000 in punitive damages for asserted recklessness was also alleged. Plaintiff testified concerning the circumstances of the automobile collision and the extent of his injuries. He indicated that the $5,766.58 sought in the petition was the amount he received from his insurer in PIP benefits but that he had sustained medical expenses in excess of his insurance coverage. The petition did not seek recovery for these unreimbursed expenses.

Since the injured party, O'Donnell, allegedly sustained damages in excess of the amount paid by his insurer, general subrogation principles would hold that O'Donnell alone was the proper party to bring suit against the third-party wrongdoer for the entire loss. He would hold in trust any recovery duplicative of payments made by his insurer. *Dondlinger & Sons' Constr.*

*Co. v. EMCCO, Inc.,* 227 Kan. 301, 306, 606 P.2d 1026 (1980). K.S.A. 40-3113a alters this general rule and outlines the specific subrogation rights of an insurer who has paid personal injury protection benefits to a party who was injured as a result of the negligence of a third party. Subsection (c) of this statute provides that, in the event the injured person fails to commence an action against the tortfeasor within eighteen months after the date of the accident, that failure shall operate as an assignment to the insurer of any cause of action in tort which the injured person may have against the tortfeasor for the purpose of recovering damages duplicative of PIP benefits. It further provides that the insurer may enforce this assignment "in his or her own name or in the name of the injured person, representative or dependents of the injured person for their benefit as their interest may appear . . . ."

Only one cause of action exists against the tortfeasor. *Cf. Farmers Ins. Co. v. Farm Bureau Mut. Ins. Co.,* 227 Kan. 533, 538, 608 P.2d 923 (1980) (considers predecessor statute). K.S.A. 40-3113a(c) simply facilitates enforcement of the insurer's subrogation right by permitting an action to be brought in its name to recover the amount of benefits paid when the insured fails to act for 18 months. Thus, the insurer may enforce its subrogation right in its own name even though the injured party was only partially recompensed for its loss by the PIP benefits.

The district court concluded that because the actual damages sought by the petition only amounted to the damages duplicative of the PIP benefits paid, the action was brought by the insurer to enforce its own subrogation interest and did not represent the interest of the insured. Therefore, the court held that the insurer was the real party in interest for the right sought to be enforced and granted judgment to defendant.

Regardless of whether this suit was initiated on behalf of both the insured and the insurer or just on behalf of the insurer, judgment should not have been granted for the defaulting defendant. A defect in pleading in the name of the real party in interest is a procedural problem which should not be raised by the court to impair a substantive right.

There is very little Kansas case law concerning the effects of a real party in interest defect. In *Torkelson v. Bank of Horton,* 208 Kan. 267, 269, 491 P.2d 954 (1971), a summary judgment in favor

of the defendant was upheld because the plaintiff was owed no duty by defendant and had no claim for which relief could be granted. The Court noted that the parties had premised their argument on the belief that the crucial issue was whether the plaintiff was the real party in interest. However, the real party in interest rule neither enlarges nor restricts a party's substantive right to recover in a particular action. Thus, a substantive right to make the claim alleged in the petition must be found to exist before the issue of the appropriateness of the parties comes to the fore. Therefore, although the Court discussed the meaning of K.S.A. 60-217, it upheld the summary judgment on the grounds that plaintiff had no legally cognizable right to be enforced and not on the more narrow procedural aspect of the real party in interest rule.

There are no other Kansas cases specifically considering the appropriate consequences for a failure to plead a suit in the name of the real party in interest. Indeed, under our modern rules of civil procedure, it is unclear precisely how a real party in interest objection should be raised. *Burns v. Anchorage Funeral Chapel,* 495 P.2d 70, 74 (Alaska 1972); 6 Wright & Miller, Federal Practice and Procedure: Civil § 1554 (1971). However, other jurisdictions have held that an objection based on an alleged failure to have the action prosecuted in the name of the real party in interest is for the benefit of the defendant and should be raised in a timely fashion or it may be deemed waived. *Audio-Visual Marketing Corp. v. Omni Corp.,* 545 F.2d 715, 718-19 (10th Cir. 1976); *Chicago & Northwestern Transp. Co. v. Negus-Sweenie,* 549 F.2d 47 (8th Cir. 1977); *Truckweld Equipment Co. v. Swenson Trucking,* 649 P.2d 234, 239 (Alaska 1982). In addition, the real party in interest issue should not be raised by the trial court *sua sponte. United States Fidelity & Guaranty Co. v. Slifkin,* 200 F. Supp. 563, 573 (N.D. Ala. 1961); *Mid America Trailer Sales, Inc. v. Moorman,* 576 P.2d 1194, 1196 (Okla. App. 1977). We agree with these authorities. Defendant failed to appear or object to the manner in which the suit was brought and plaintiff was given no opportunity to present argument concerning the identification of the real party in interest or to move to amend the petition. Any defect in naming the proper party was therefore waived by defendant.

We conclude that the trial court erred in granting judgment for

the defaulting defendant. Judgment is reversed and the case remanded with directions to enter judgment consistent with the evidence presented.

REES, J.: I dissent.

We have here for review a case stemming from an October 12, 1980 two-vehicle country intersection accident. Rodney K. O'Donnell, the named plaintiff, was a passenger in one vehicle. Defendant Daniel J. Fletcher was the driver of the other vehicle. On appeal it is contended the trial judge erroneously refused a default judgment against Fletcher for recovery of damages in the amount of $5,766.58, all of which would be duplicative of personal injury protection (PIP) benefits paid by Farmers Insurance Group (Farmers) to O'Donnell. The denial of a punitive damages award is not challenged; the petition's allegations regarding a claim for such damages is no part of this case as it comes before us.

This lawsuit was commenced two years and thirteen days after the accident. It has been continuously prosecuted by Farmers in O'Donnell's name. Farmers has made no claim for recovery for so much of O'Donnell's incurred medical specials as exceed Farmers' $5,000 PIP medical benefits coverage limit. Farmers has asserted no claim for O'Donnell's pain and suffering, for his temporary disability, or for his permanent disability, if any, save and except for $766.58 in lost wages for which Farmers paid O'Donnell under its PIP disability benefits coverage. The record reveals that as a result of the accident O'Donnell was hospitalized for treatment of a torn ligament in one knee. It also reveals the $5,000 PIP medical benefits payment was insufficient to cover $857.18 of O'Donnell's treating doctor's charges. Payment of all the hospital's charges must be presently assumed in the absence of contrary showing in the record.

Farmers tells us that under K.S.A. 40-3113a(*c*), its action taken herein is proper. That statute reads in part:

"In the event an injured [PIP insured] . . . fails to commence an action against [the third party] tortfeasor within eighteen (18) months after the date of the accident resulting in the injury, such failure shall operate as an assignment to the [PIP] insurer . . . of any cause of action in tort which the injured [PIP insured] . . . may have against [the third party] tortfeasor for the purpose and to the extent of recovery of damages which are duplicative of personal injury protection benefits. [The PIP] insurer . . . may enforce same . . . in

the name of the injured [PIP insured] . . . for their benefit as their interest [*sic*] may appear by proper action of any court of competent jurisdiction."

That there is but a single cause of action against Fletcher is not open to dispute. It is a tort claim in negligence for personal injury to O'Donnell. The common law rule is that such an unliquidated damages claim, a chose in action, cannot be assigned. *Terrell v. Ready Mixed Concrete Co.*, 174 Kan. 633, 638, 258 P.2d 275 (1953); *Howe v. Mohl*, 168 Kan. 445, 448, 214 P.2d 298 (1950); *Old Colony Ins. Co. v. Kansas Public Ser. Co.*, 154 Kan. 643, 646, 121 P.2d 193 (1942); *St. Paul Fire & Marine Ins. Co. v. Bender*, 153 Kan. 752, 754-55, 113 P.2d 1062 (1941). However, as with most if not all rules, there is at least one exception. Here, the exception is statutory assignment. *Cf. Terrell v. Ready Mixed Concrete Co.*, 174 Kan. at 638-639; *Wise v. Morgan-Mack Motor Co.*, 173 Kan. 372, 376-77, 246 P.2d 308 (1952).

What does the statute say? It says that if the PIP insured has not commenced an action against the tortfeasor within 18 months, his cause of action is assigned to the PIP insurer "for the purpose and to the extent of recovery of damages which are duplicative of [PIP] benefits" and that "the [PIP] insurer . . . may enforce [the cause of action] . . . in the name of [its insured] . . . for their benefit as their interest[s] may appear."

It is clear to me that the self-executing statutory language effects partial assignment and conditions the assignee's enforcement right or entitlement. The assignment is partial in that its extent does not exceed in nature or amount the recoverable damages duplicative of the insurer's PIP benefits payment obligation. The insurer-assignee's enforcement right or entitlement is conditional in that if the insurer elects to enforce its interest in the cause of action assigned to it, the enforcement, if sought in the name of the insured, is to be by an action against the third party tortfeasor for recovery *for the benefit of the insurer and the insured as their interests may appear.*

Farmers has *not* sought recovery against Fletcher for the benefit of Farmers *and* O'Donnell as their interests appear. Farmers frankly concedes it seeks recovery for *only* its interest in this matter and its position is that it has no responsibility for O'Donnell's interest. This lawsuit by Farmers is not in compli-

ance with the statutory provision conditioning Farmers' right or entitlement to sue Fletcher in O'Donnell's name; the interest in O'Donnell's cause of action that Farmers holds by assignment ($5,000 for reimbursed medical specials and $766.58 for reimbursed lost wages) can be asserted in a lawsuit brought by Farmers in O'Donnell's name only if Farmers pursues recovery for the interests of *both* itself and O'Donnell. In addition to the statutory language, see also these property damage cases and cases cited therein: *Dondlinger & Sons' Constr. Co. v. EMCCO, Inc.*, 227 Kan. 301, 306, 606 P.2d 1026 (1980); *Ellsaesser v. Mid-Continent Casualty Co.*, 195 Kan. 117, 118-20, 403 P.2d 185 (1965); *City of New York Ins. Co. v. Tice*, 159 Kan. 176, 152 P.2d 836 (1944); *Thompson v. James*, 3 Kan. App. 2d 499, 502-03, 597 P.2d 259, *rev. denied* 226 Kan. 793 (1979), as well as *Rumbaugh v. Vonfeldt*, 190 Kan. 798, 805, 378 P.2d 5 (1963), a worker's compensation case.

If this analysis is not correct, then one practical consequence is that upon the running of 18 months following the accident without commencement of a tort action by O'Donnell against Fletcher, O'Donnell was barred from recovery of his uninsured loss subject only to Farmers' whim, that is, whether it would seek recovery for O'Donnell's uninsured loss. I cannot conceive this was intended by the legislature. I am convinced that if by statutory subrogation the insurer (Farmers) steps into the shoes of its insured (O'Donnell), it steps into and must stand in both shoes, not one shoe only. Again, the insurer's statutory right or entitlement to sue the third party tortfeasor in the insured's name carries with it the condition and requirement that recovery of the insured's personal interest, his uninsured loss, also must be sought.

Farmers has no more right or entitlement to proceed as it has done and continues to do than it would have if it had made voluntary gratuitous payment of $5,766.58 to O'Donnell. It would have no right, entitlement or standing to unilaterally file and prosecute a lawsuit in which O'Donnell is named as plaintiff and the judgment sought is recovery from Fletcher of the $5,766.58. Had that occurred, I am satisfied it would be insincere nonmeritorious argument to say a trial judge's *sua sponte* denial of a default judgment against Fletcher was erroneous as a matter of law.

If the majority's holding is correct, O'Donnell was deprived of six months of statute of limitations time because of the fortuitous circumstance, albeit statutorily required, that the owner of the vehicle in which he was riding carried PIP insurance. Under the majority's holding the price of that PIP insurance is not only premium payment but also, subject only to the insurer's whim, every policy beneficiary's loss of six months' time within which to prosecute a claim for uninsured loss. Surely that should not be.

If within 18 months after the accident, O'Donnell had sued Fletcher, Farmers would have been subrogated to and would have had a lien against any recovery by O'Donnell duplicative of the PIP benefits payments made by Farmers to or on behalf of O'Donnell. By operation of K.S.A. 40-3113a($a$) and ($b$), such an action by O'Donnell is for the benefit of both the insured and the insurer as their interests may appear. I am satisfied the language of K.S.A. 40-3113a($c$) plainly discloses legislative purpose and intent that an action prosecuted by the insurer after 18 months following the accident and in the insured's name must also be for the benefit of both the insured and the insurer. The apparent purpose of statutory assignment to the insurer plainly and simply is to protect the insurer's right of reimbursement in those instances where the insured, by choice or inadvertence, does not timely prosecute his cause of action against the third-party tortfeasor.

Construing the subject statute to mandate assertion by the PIP insurer of the entirety of the insured's cause of action with recovery sought for the interests of both the insured and the insurer avoids possible "splitting of a cause of action" and harassment by multiplicity of suits problems.

I agree with the majority that the statute of limitations bar is an affirmative defense and since it inexplicably was not timely asserted by Fletcher by answer or other responsive pleading, that bar was not an available ground for the trial judge's refusal of judgment against Fletcher.

I disagree with the majority's conclusion that this case should be reversed. If the real party in interest rule was not a proper ground for the trial judge's action, a proper ground lies in Farmers' failure to comply with the statutorily imposed condition that when the PIP insurer prosecutes the assigned cause of action, it must be for the benefit of both the insurer and the

insured. However, this may be denominated, *e.g.,* lack of standing, is of no moment. If the trial judge's decision was correct for any reason, it must be affirmed. *Micheaux v. Amalgamated Meatcutters & Butcher Workman,* 231 Kan. 791, 798, 648 P.2d 722 (1982).

As a final note, I find the majority's direction on remand to be a mystery. The trial judge is told to enter judgment consistent with the evidence presented. He is not directed to enter judgment granting the relief requested by Farmers' lawyer who appears as counsel of record for O'Donnell. Beyond what Farmers asked and asks to recover, the evidence presented indisputably discloses at the least an "additional" $857.18 in incurred medical expense as well as pain and suffering which must be inferred from the fact of O'Donnell's injured knee and his hospitalization. If the majority is directing entry of judgment for these uninsured elements of O'Donnell's loss, Farmers' case is not only being mended, it is being expanded beyond the theory upon which this case has been prosecuted in the trial court and before us. That should not occur.